IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.  10-2626 BB |
| | ) | |
| vs. | ) | |
| | ) | |
| PEDRO LEONARDO MASCHERONI, | ) | |
| also known as "Luke," and | ) | |
| MARJORIE ROXBY MASCHERONI, | ) | |
| | ) | |
| Defendants. | ) | |

MOTION FOR PROTECTIVE ORDER

The United States hereby moves the Court, under 18 U.S.C. App. 3 § 3 and Fed. R. Crim. P. 16(d)(1),[1] to enter a protective order, in the form attached hereto as Exhibit 1, to prevent the disclosure of classified and other sensitive information.  In addition, to avoid the inadvertent public disclosure of classified information in the litigation of this motion for a protective order,

---

[1] Section 3 of the Classified Information Procedures Act ("CIPA") provides as follows:

Upon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States.

Rule 16(d)(1) provides as follows:

Protective and Modifying Orders.  At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal.

In an effort to provide some additional guidance to the Court as to how the protective order sought by this motion fits into CIPA's statutory scheme, the United States has attached hereto as Exhibit 2 a brief outline of CIPA.

the United States also moves the Court, pending entry of a protective order, to enter an order implementing the filing procedures set forth in paragraph 10 of the proposed protective order. The United States further requests such an order be entered on an expedited basis so that it is in place when the defendants file their response opposing the terms of the protective order sought by the United States.

While the United States had hoped to provide the Court with a stipulated protective order, or at least to have narrowed significantly the disputed issues with defense counsel, because of the difficulty in actually meeting with defense counsel,[2] there appears to be no alternative other than filing this motion with the Court so that a protective order can be entered. Ultimately, and unfortunately, the United States' view on how best to protect the information

---

[2] In an effort to provide the Court with a stipulated protective order, in February of this year, the United States provided the defendants with a proposed protective order. Shortly thereafter, the United States also proposed that the parties stipulate to the entry of a temporary protective order, pending discussions between the parties and the entry of a protective order by the Court, to allow the defendants earlier access to classified discovery in this case. Although the United States has repeated this proposal, the defendants have elected not to enter into a temporary protective order. Between March 2011 and July 2011, the United States made several unsuccessful attempts to schedule a meeting on this matter with all defense counsel. On July 11, 2011, the United States received the combined comments from both defendants on the proposed protective order that the United States had provided in February. Counsel for the United States and Defendant Roxby Mascheroni met on July 19, 2011 to discuss the terms of the protective order. Following this meeting, the United States drafted a revised protective order in an attempt to address many of the concerns raised by the defendants. Counsel for the defendants and the United States scheduled to meet to discuss the revised protective order on August 10, 2011. Defense counsel cancelled this meeting and rescheduled the meeting for August 29, 2011. On that date, counsel for both the defendants and the United States met in an attempt to negotiate the terms of an agreed protective order. At this meeting defense counsel agreed to review the United States' revised protective order and submit comments to the United States by September 9, 2011, later requesting an additional week within which to provide those comments. The defendants did not meet this self-imposed deadline so, on September 20, 2011, the United States inquired into the status of the defendants' review. Thereafter, attempts to meet with defense counsel failed, resulting in the filing of this motion.

involved in this case differs dramatically from the defendants' views.

Counsel for Defendant Mascheroni and counsel for Defendant Roxby Mascheroni oppose entry of a protective order in the form submitted and also oppose entry of an order implementing the filing procedures set forth in paragraph 10 of the proposed protective order pending entry of a protective order by the Court.

WHEREFORE, the United States respectfully requests that the Court enter the attached protective order as well as an order implementing the filing procedures set forth in paragraph 10 of the proposed protective order for any documents filed prior to the entry of the protective order.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Electronically filed on 10/13/11*

FRED J. FEDERICI
DEAN TUCKMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I hereby certify that this pleading was electronically filed on 10/13/11, thereby causing it to be served on opposing counsel of record via the Court's CM/ECF system.

*Electronically filed on 10/13/11*

FRED J. FEDERICI
Assistant U.S. Attorney