Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.  10-2626 BB |
| | ) | |
| vs. | ) | |
| | ) | |
| PEDRO LEONARDO MASCHERONI, | ) | |
| also known as "Luke," and | ) | |
| MARJORIE ROXBY MASCHERONI, | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

This matter came before the Court on motion of the United States seeking the entry of a Protective Order to prevent the unauthorized disclosure or dissemination of classified information and materials in connection with this case.  Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"), the Security Procedures Established Pursuant to [CIPA] by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9), and Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and in order to protect the national security, the Court enters the following Protective Order:

1. **CIPA Procedures.**  The Court finds that this case involves "Restricted Data," "Formerly Restricted Data," and other information that has been classified in the interest of the national security and subject to the provisions of CIPA.  Accordingly, the storage, handling, and control of all Classified Information (as defined below) will require special security precautions

mandated by statute, Executive order, and regulation. The purpose of this Protective Order is to establish procedures that must be followed by all individuals who receive access to Classified Information, or who receive access to information or materials that will be treated as Classified Information subject to a classification review, in connection with this case. These procedures will apply to all pretrial, trial, post-trial, appellate, and collateral matters concerning Classified Information and may be modified from time to time by further order of the Court acting under the law or the Court's inherent supervisory authority to ensure a fair and expeditious trial. To the extent the information or material subject to this Protective Order is not defined by CIPA as being "classified information," the Court hereby finds that good cause exists to protect that information pursuant to Federal Rule of Criminal Procedure 16(d).

2. **Definitions.** The following definitions shall apply to this Protective Order:

a. "Classified Information" shall mean:

(i) any information or material that contains, involves, or incorporates "Restricted Data" ("RD"), as defined in 42 U.S.C. § 2014(y), or "Formerly Restricted Data" ("FRD"), within the meaning of 42 U.S.C. § 2162(d);

(ii) any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security;

(iii) any information that incorporates, paraphrases, restates, generates in new form, or is derived from information that is already classified;

(iv) any information or material as to which the Defense, as hereinafter defined, has been notified orally or in writing that such information or material contains Classified Information, as that term has otherwise been defined in this Paragraph 2, or has been notified orally or in writing that such information or material is to be treated as containing   Classified Information, as that term has otherwise been defined in this Paragraph 2,   subject to a classification review by the Originating Agency/Agencies (as defined below).

b.  The words "material" or "information" include, but are not limited to, all verbal, written, or printed items of any kind including but not limited to, documents, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, audio recordings, videos, transcripts, and messages, as well as alterations, amendments, modifications, and changes of any kind to the foregoing; and all recordings of information on magnetic, electronic, or optical media (including but not limited to those on CD-ROM or DVD), typewriter ribbons, films and all manner of electronic data processing storage.

c.  "Access to Classified Information" means having access to, reviewing, reading, generating, learning, or otherwise coming to know in any manner Classified Information.

d.  "Secure Area" means a physical facility approved for the storage, handling, and control of Classified Information as established and approved by the Classified Information Security Officer.

e.  "The Defense" means, individually or collectively, a defendant, defense counsel, an employee of such counsel, a consultant for a defendant, or a witness/potential witness for a defendant.

f.  "The Originating Agency" means the federal agency(ies) or department(s) with authority to classify or declassify materials or information.

3.  **Materials Covered.**  This Protective Order shall apply to all Classified Information (as defined in Paragraph 2 herein) produced or made available by the United States to the Defense, as well as all Classified Information otherwise possessed, reviewed, or created by the Defense during this case, including any appeal or collateral attack.

4.  **Information in Publicly Available or Open Sources.**  Information may sometimes appear in a publicly available or open source that contains RD, FRD, or is otherwise designated as being Classified Information by a federal government agency.  Such information may appear in open sources such as the internet, newspapers, magazines, articles, books, speeches, or open meetings, or be broadcast on radio or television or other media.  The fact that such information has appeared publicly does not make it unclassified.  For example, in order for RD or FRD to be declassified, the Department of Energy must first take affirmative steps to declassify it.  The fact that RD, FRD, or other Classified Information has appeared in a publicly available or open source is itself classified at the same level and category as the RD, FRD, or other Classified Information at issue, and the fact of public disclosure of such information consequently must be treated with the same level of protection as the underlying RD, FRD, or other Classified Information at issue.  Therefore, except to a cleared person as provided in this Protective Order, any Court order issued pursuant to Section 5 of CIPA, or any other Court order, any person who

has access to RD, FRD, or other Classified Information in connection with this case is prohibited from using or confirming or commenting upon the existence, accuracy, classification, or technical merit of any RD, FRD, or other Classified Information which may appear, or may have appeared, in any publicly available or open source.

     5. **Declassification of Materials and Information.**  All Classified Information shall be handled, secured, and used only in accord with the terms of this Protective Order.  The Originating Agency will physically mark with a clear marking all Classified Information that it declassifies following entry of this Protective Order.

     6. **Classified Information Security Officers.**  The Court hereby designates Jennifer H. Campbell as the Classified Information Security Officer and Branden M. Forsgren, Christine E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriguez-Feo, Harry J. Rucker, and Winfield S. Slade as alternate Classified Information Security Officers for this case, for the purpose of providing security arrangements necessary to protect any Classified Information to which the Defense will have access in connection with this case or that may be in the possession of the Defense as a result of the defendants' prior relationship with the government.  Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, handling, transmittal, and use of Classified Information.  Such guidance shall include, but is not limited to, how the Defense addresses and uses Classified Information in court filings and at court hearings.

     7. **Attorneys for the United States.**  The Court has been advised that Assistant United States Attorneys Fred J. Federici, Holland S. Kastrin, and Dean Tuckman, and Department of Justice attorneys Elizabeth Cannon, Kathleen M. Kedian, and David C. Recker, and attorneys

supervising this litigation, have the requisite security clearances allowing them to have access to the Classified Information that relates to this case. All references to attorneys for the United States, government attorneys, or attorneys for the government, as used in this Protective Order, refer to the above-named attorneys and any other government attorneys who may in the future be designated to participate in the litigation of any part of this matter (or supervise such litigation), who will have security clearances appropriate for the level of classification and category of any Classified Information reviewed.

      8. **Defense Counsel.** The Court has been advised that the defendants' counsel, Jason Bowles, Erlinda O. Johnson, and Kirtan Khalsa, all have the requisite security clearances allowing them to have access to the Classified Information that relates to this case. Accordingly, these attorneys shall be permitted access to Classified Information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order and any other orders of the Court. The Court has also been advised that Robert R. Cooper, counsel for Defendant Pedro Leonardo Mascheroni, is in the process of obtaining the requisite security clearance to allow him to have access to the Classified Information that relates to this case. Once the Classified Information Security Officer confirms that Robert R. Cooper has the requisite security clearance, he shall be permitted to have access to Classified Information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order and any other orders of the Court. Defendant Pedro Leonardo Mascheroni and Defendant Marjorie Roxby Mascheroni will also be given access to Classified Information subject to the terms of this Protective Order, and any other Court orders.

Any additional person whose assistance the defendants reasonably require may have access to Classified Information in this case only after first obtaining from the Court, and after satisfying the other requirements described in this Protective Order for access to Classified Information, approval for access to the required level and category of Classified Information on a need-to-know basis.  The substitution, departure, or removal from this case of defense counsel, or any other person associated with the Defense as an employee or witness or otherwise, who had access to Classified Information under the terms of this Protective Order (as used herein, "cleared person"), shall not release that person from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order.

     9.  **Defense Counsel Secure Area.**  The Classified Information Security Officer shall arrange for an appropriately approved Secure Area for the use of the Defense.  The Classified Information Security Officer shall establish procedures to assure that the Secure Area is accessible during business hours to defense counsel, employees of defense counsel, and authorized witnesses and the defendants accompanied by defense counsel, and at other times, which may include after hours and on weekends, upon reasonable request as approved by the Classified Information Security Officer and in consultation with the United States Marshals Service.  The Secure Area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by defense counsel that is reasonable and necessary to the preparation of the defense.  The Classified Information Security Officer, in consultation with defense counsel, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of Classified Information.  No Classified Information may be removed from the Secure Area unless

so authorized in writing by the Classified Information Security Officer with notice provided to the Court.  The Classified Information Security Officer shall not reveal to the United States the content of any conversations he or she may hear among the Defense, nor reveal the nature of the materials being reviewed or the work being generated by the Defense, except for pleadings or other materials filed with the Court under the procedures set forth in this Protective Order.  The presence of the Classified Information Security Officer shall not operate as a waiver, limit, or otherwise render inapplicable the attorney-client privilege.  None of the procedures outlined in this Protective Order shall be construed or operate as a waiver or limitation on attorney-client privilege or work product privilege.

    10.  **Filing of Documents.**  All pleadings or other documents filed by a party shall be filed under seal with the Court through the Classified Information Security Officer or her designee, unless counsel has obtained from the Classified Information Security Officer written permission, specific to a particular, non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) not containing information that is or may be Classified Information or under seal, to file the pleading or documents not under seal. Pleadings or other documents filed under seal with the Classified Information Security Officer or her designee shall be marked, "Filed in Camera and Under Seal with the Classified Information Security Officer or Designee."  The date and time of physical submission to the Classified Information Security Officer or designee shall be considered the date and time of filing.  At the time of making a physical submission to the Classified Information Security Officer or designee, counsel shall file in the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made.  The notice is to contain only the case caption and an

unclassified title of the filing.  The Classified Information Security Officer or her designee shall immediately deliver, under seal, to the Court and opposing counsel (unless such filing is an appropriate *ex parte* filing) any filed pleading or document.  The Classified Information Security Officer shall promptly examine the pleading or document and, in consultation with representatives of the appropriate federal agencies, determine whether the pleading or document contains Classified Information.  If it is determined that the pleading or document contains Classified Information, the Classified Information Security Officer shall ensure that the portion of the document containing Classified Information, and only that portion, is marked with the appropriate classification marking and remains under seal.  Any portion of any filed document or pleading that does not contain Classified Information will be placed in the public record unless the document or pleading has been filed under seal for reasons unrelated to classification.

      11.  **Separate Sealed Records.**  The Classified Information Security Officer shall maintain a separate sealed record for pleadings and documents filed in Court which contain or incorporate Classified Information and shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

      12.  **Protection of and Access to Classified Information.**  The Court finds that in order to protect the Classified Information involved in this case, no individual other than appropriately cleared attorneys for the United States, Department of Justice employees, and personnel of the Originating Agency, shall be allowed to obtain access to Classified Information unless and until that person has received from, or verified through, the Classified Information Security Officer, the appropriate security clearance for the highest level and category of the Classified Information involved in this litigation, has signed the Memorandum of Understanding, in the form attached

hereto, thereby agreeing to comply with the terms of this Protective Order, and has obtained the Classified Information Security Officer's permission to receive access to Classified Information. Notwithstanding the preceding sentence, Defendant Pedro Leonardo Mascheroni and Defendant Marjorie Roxby Mascheroni shall be granted access to Classified Information involved in this litigation subject to the terms of this Protective Order after signing the Memorandum of Understanding.  However, in the interest of national security, Defendant Pedro Leonardo Mascheroni and/or Defendant Marjorie Roxby Mascheroni may be excluded from access to certain Classified Information, possibly including but not limited to any Classified Information of which they had no previous knowledge or did not previously possess.  In addition, the Defense shall have access to Classified Information only as follows:

    a.  All Classified Information provided by the United States to the defendants through defense counsel in discovery or otherwise, and all Classified Information possessed, created, or maintained by the Defense, shall be stored, maintained and used only in the Secure Area.  No Classified Information shall be maintained by the Defense in any place other than the Secure Area established by the Classified Information Security Officer.

    b.  The defendants and any other cleared person associated with the Defense shall have access to Classified Information only while in the Secure Area accompanied by counsel for the defendants who hold the appropriate security clearance and have signed the Memorandum of Understanding.  While in the Secure Area, the Defense shall have free access to the Classified Information to which they otherwise have access pursuant to this Protective Order and shall be allowed to take notes and prepare documents with respect to those materials, provided those

notes and documents are stored, maintained, and used in accordance with the terms of this Protective Order.

  c.  No person, including counsel for the defendants, shall copy or reproduce any Classified Information in any manner or form, except with the approval of the Classified Information Security Officer or in accordance with the written procedures established by the Classified Information Security Officer for the operation of the Secure Area.

  d.  All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain Classified Information must be prepared in the Secure Area on word processing equipment approved by the Classified Information Security Officer.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, or exhibits) that do or may contain Classified Information shall be maintained in the Secure Area unless and until the Classified Information Security Officer determines in writing, after consultation with the appropriate federal agencies, that those documents or associated materials are unclassified in their entirety.  Except for documents filed with the Court or documents required to be disclosed pursuant to CIPA, the Federal Rules of Criminal Procedure, or Court order, none of these materials shall be disclosed to counsel for the United States.

  e.  Subject to Paragraph 12.i. below, the Defense shall discuss Classified Information only with the defendants and any other cleared person associated with the Defense and only in the Secure Area, except that if discussions are held with attorneys for the United States, the Court, or representatives of an Originating Agency, such discussions may be held in any other area approved by the Classified Information Security Officer.  The Defense shall make no

statement in open Court, or to the public, or to any person lacking the requisite clearance and Court approval pursuant to this Protective Order, that reveals, discloses, or includes Classified Information.

      f.  The Defense shall not disclose, without prior approval of the Court, any Classified Information to any person whose name does not appear in this Protective Order except the Court, Court personnel, and the attorneys for the United States identified by the Classified Information Security Officer as having the appropriate clearances and the need to know.  Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance from the Classified Information Security Officer, to sign and file with the Court the Memorandum of Understanding appended to this Protective Order, and to comply with all the terms and conditions of this Protective Order.  The Classified Information Security Officer shall not disclose the identity of any person for whom the Defense seeks a security clearance to any attorney for the United States who is now or who may in the future be designated to participate in the litigation of any part of this matter.

      g.  The Defense shall not discuss Classified Information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not been granted access by the Court to Classified Information and complied with the terms of this Protective Order.

      h.  Any documents written or otherwise created by the Defense that do or may contain Classified Information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have obtained the appropriate security clearances and have been authorized to have access to Classified Information pursuant to this Protective Order.

i. If counsel for the United States advise defense counsel in writing that certain Classified Information may not be disclosed to the defendant(s), then defense counsel shall not disclose such information or materials to either of the defendants without prior written concurrence of counsel for the United States.  Absent such concurrence, defense counsel may seek approval from the Court to disclose such Classified Information.  Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to either of the defendants of such Classified Information.  The Classified Information Security Officer shall make arrangements for the segregation within the Secure Area of any Classified Information to which the defendants do not have access.

13. **Memorandum of Understanding Procedures.**  All signed Memoranda of Understanding shall be filed with the Court.  The substitution, departure, or removal for any reason from this case of counsel for a defendant or any other cleared person associated with the Defense as an employee or witness or otherwise shall not release that individual from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order.

14. **CIPA Procedures Governing Public Disclosure.**  Procedures for the public disclosure of Classified Information by the Defense shall only be pursuant to the procedures set forth in Sections 5 and 6 of CIPA.  No Classified Information may be disclosed by the Defense except:

a. to the Court, court personnel, and attorneys for the United States and their agents and employees identified by the Classified Information Security Officer as holding proper approval for access to the Classified Information;

b.  to representatives of the Originating Agency who have been identified by the Classified Information Security Officer as holding proper security clearances and having the need to know the Classified Information;

c.  in accordance with the procedures of CIPA and the procedures established by the Classified Information Security Officer; or

d.  to persons who have obtained the appropriate security clearances and have been authorized to have access to the Classified Information pursuant to this Protective Order.

To facilitate the Defense in its filing of notices as required under Section 5 of CIPA, the Classified Information Security Officer shall make arrangements with the appropriate Originating Agency, without informing the Originating Agency of the identity of the requesting party, for a determination of the classification level and category, if any, of materials or information either within the possession of the Defense or about which the Defense has knowledge and which the Defense intends to use in any way at any pretrial proceeding, motion, deposition/interview, trial, or appeal.  Nothing submitted by the Defense to the Classified Information Security Officer pursuant to this paragraph shall be made available to counsel for the United States by the Classified Information Security Officer, unless so ordered by the Court, or so designated by the Defense.  Any and all of these items which are classified shall be listed in Defendant Pedro Leonardo Mascheroni's and Defendant Marjorie Roxby Mascheroni's Section 5 notices under CIPA.

15.  **Unauthorized Disclosures.**  Any negligent handling or unauthorized disclosure or retention of Classified Information could cause serious damage -- and possibly exceptionally grave damage -- to the national security of the United States, may be used to the advantage of a

foreign nation against the interests of the United States, and may constitute a violation of United States criminal laws.  In addition, any violation of the terms of this Protective Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of court and possible referral for criminal prosecution.  Any breach of this Protective Order may also result in termination of an individual's access to Classified Information.  Full compliance with all of the terms of this Protective Order shall be made an additional condition of each of the defendant's current conditions of pre-trial release.  If the Court finds any breach of this Protective Order by Defendant Pedro Leonardo Mascheroni or Defendant Marjorie Roxby Mascheroni, such breach would constitute a violation of their conditions of pre-trial release, which could result in a revocation of their pre-trial release.  This Protective Order is intended to ensure that those authorized to receive Classified Information in connection with this case will never divulge that information to anyone not authorized to receive it.

      16.  **Property Interest in Classified Information.**  All Classified Information to which the Defense has access in this case is now and will remain the property of the United States.  Upon demand of the Classified Information Security Officer, any person who obtained access to Classified Information in connection with this case shall return to the Classified Information Security Officer all Classified Information in his/her possession.  The notes, summaries, and other documents prepared by the Defense that do or may contain Classified Information shall remain at all times either secured in the designated Secure Area or otherwise handled according to the directives of the Classified Information Security Officer.  At the conclusion of this case, including any timely appeal or timely collateral attack, all such notes, summaries, and other

documents are to be destroyed by the Classified Information Security Officer.  Defense counsel may be present at such destruction if counsel so requests in writing prior to such destruction.

17. **Delivery of this Protective Order.**  A copy of this Protective Order shall be issued forthwith to defense counsel who shall be responsible for advising members of the Defense who need to know of the contents of this Protective Order.  The defendants, counsel for the defendants, and any other members of the Defense who will be provided access to Classified Information, shall execute the Memorandum of Understanding described in this Protective Order prior to gaining access to any Classified Information, and counsel for the defendants shall file executed originals of such documents with the Court and the Classified Information Security Officer.  The execution and filing of the Memorandum of Understanding is a condition precedent for the Defense to have access to Classified Information.

18. **Persistence in Not Guilty Pleas.**  The defendants have entered pleas of not guilty to all charges against them and have the right to continue to deny all of the allegations against them.  Nothing in this Protective Order shall or may be construed as an admission by the defendants to any of the charges in the indictment.


SO ORDERED this _____day of _____ 2011.


_____
Bruce D. Black
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.  10-2626 BB |
| | ) | |
| vs. | ) | |
| | ) | |
| PEDRO LEONARDO MASCHERONI, | ) | |
| also known as "Luke," and | ) | |
| MARJORIE ROXBY MASCHERONI, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OF UNDERSTANDING**

1.\ettttab I understand that I may have already received, and may be the future recipient of, information and materials that are subject to a Protective Order (Doc. ___) entered by the United States District Court for the District of New Mexico in the above-styled case.

2.\ttab I agree that I shall never divulge, publish, or reveal, either by word, conduct or any other means, such information or materials unless specifically authorized to do so in writing by an authorized representative of the United States government, or as otherwise ordered by the United States District Court for the District of New Mexico.

3.\ttab I understand that this Memorandum of Understanding and any other non-disclosure agreement will remain binding upon me after the conclusion of trial or other disposition in *United States v. Pedro Leonardo Mascheroni and Marjorie Roxby Mascheroni*, Criminal No. 10-2626 BB, and any subsequent related proceedings including the appellate process.

4. I have received, read, and understand the Protective Order (Doc. ___) entered by the United States District Court for the District of New Mexico in the above-styled case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Printed Name

_____
Signature

_____
Date

_____
Witness Name

_____
Witness Signature