IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      Criminal No. 10-2626 BB

PEDRO LEONARDO MASCHERONI,
also known as Luke, and
MARJORIE ROXBY MASCHERONI,

      Defendants.

## DEFENDANTS' OBJECTIONS TO THE GOVERNMENT'S PROPOSED PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION

Defendant Pedro Leonardo Mascheroni, by and through his counsel, Robert Cooper and Kirtan Khalsa, and Defendant Marjorie Roxby Mascheroni, by and through her counsel Erlinda Johnson and Jason Bowles, hereby object to entry of the United States of America's proposed vague, overly broad, burdensome and unconstitutional CIPA protective order. The Plaintiff's proposed protective order conflicts with CIPA and the applicable regulations and Executive Orders and its entry would impermissibly violate Defendants' First, Fifth and Sixth Amendment rights under the United States Constitution as further discussed in Defendants' memorandum of law supporting its objections to the proposed CIPA protective order. Defendants specifically object to the proposed protective order as follows:

1

1.      Defendants object to paragraph 1 of the Government's proposed protective order and request the following changes[1]:

> **CIPA Procedures.** The Court finds, **based on the representations of the United States of America through its counsel**, that this case involves "Restricted Data," "Formerly Restricted Data," and other information that has been classified in the interest of the national security and subject to the provisions of CIPA. Accordingly, the storage, handling and control of all Classified Information (as defined below) will require special security precautions mandated by statute, Executive order, and regulation.  The purpose of this Protective Order is to establish procedures that must be followed by all individuals who receive access to Classified Information, ~~or who receive access to information or materials that will be treated as Classified information subject to a classification review,~~ in connection with this case.  These procedures will apply to all pretrial, trial, post-trial, appellate and collateral matters concerning Classified Information and may be modified from time to time by further order of the Court acting under the law **and** ~~or~~ the Court's inherent supervisory authority to ensure a fair and expeditious trial.  ~~To the extent the information or material subject to this Protective Order is not defined by CIPA as being "classified information," the Court hereby finds that good cause exists to protect that information pursuant to Federal Rule of Criminal Procedure 16(d).~~

2.      Defendants object to paragraph 2.  The Government has improperly proposed its own special definition for the term "Classified Information."  Rather than follow the law, including CIPA, which clearly defines what information and material actually constitutes Classified Information within the meaning of the applicable laws and regulations, the Government takes the unprecedented approach of proposing that "Classified Information" include "any information or material as to which the Defense . . . . has been notified orally or in writing that such material is to be treated as containing Classified Information . . . subject to a classification review by the Originating Agency." In other words, if the Assistant United States Attorneys, the FBI, the DOE or any other governmental agents decides for whatever reason, whether justifiable or not, that they

---

[1] Throughout this document Defendants strikeout those portions of the Government's proposed protective order that are objectionable to them and have  presented their proposed modifications in boldface.

2

want the Defense to treat material or information as Classified Information that the Defense would be bound to do so after being notified orally or in writing of the Government's will.  Such a provision vests in the Plaintiffs vague and indefinite power in violation of the due process clause of the Fifth Amendment and improperly expands the scope of CIPA to material and information to which Congress in enacting CIPA had no intention that it apply.  This should not be permitted.  Defendants propose the following changes to paragraph 2 be made to comply with the law:

> **Definitions.**  The following definitions shall apply to this Protective Order:
> a.      "Classified Information" shall mean:
> (i)      any **classified** ~~information or material that contains, involves, or incorporates~~ "Restricted Data" ("RD"), as defined in 42 U.S.C. § 2014(y), or **classified** "Formerly Restricted Data" ("FRD"), within the meaning of 42 U.S.C. § 2162(d)**, but shall not include information or material that has been declassified.**
> (ii)     any information or material that has been determined by the United States Government pursuant to ~~an~~ Executive Order **13526 or its predecessors**, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security **and which has been identified as "Confidential," "Secret," "Top secret" or "Sensitive Compartmented Information."**
> ~~(iii)    any information that incorporates, paraphrases, restates, generates in new form, or is derived from information that is classified.~~
> ~~(iv)    any information or material as to which the Defense, as hereinafter defined, has been notified orally or in writing that such information or material contains Classified Information, as that term has otherwise been defined in this Paragraph 2, or has been notified orally or in writing that such information or material is to be treated as containing Classified Information, as that term has otherwise been defined in this Paragraph 2, subject to a classification review by the Originating Agency/Agencies (as defined below).~~
> b**(i)**     **"Material" means the physical medium on or in which information is recorded, or a product or substance which contains or reveals information, regardless of its physical form or characteristics, and shall include but not be limited to properly identified and marked** documents, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, audio recordings, videos, transcripts, and messages, and all recordings of information on magnetic, electronic, or optical media (including but not limited to those on CD-ROM or DVD), typewriter ribbons, films and all manner of electronic data processing storage **including originals, conforming copies, and non-conforming copies**

**(e.g. a copy of an original with an added notation)**. ~~The words "material" or "information" includes, but are not limited to, all verbal, written or printed items of any kind including but not limited to, documents, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, audio recordings, videos, transcripts, and messages, as well as alterations, amendments, modifications and changes of any kind to the foregoing; and all recordings of information on magnetic, electronic, or optical media (including but not limited to those on CD-ROM or DVD), typewriter ribbons, films and all manner of electronic data processing storage.~~

**b(ii)   The word "information" as that term is used in 2(a)(i) and (ii) means facts, data, or knowledge itself as opposed to the medium in which it is contained.**

c.   "Access to Classified Information" means ~~having access to~~ **being provided with properly determined, marked and identified Classified Information disclosed by the United States in connection with this case.** ~~reviewing, reading, generating, learning, or otherwise coming to know in any manner Classified Information~~.

d.   "Secure Area" means a physical facility approved for the storage, handling, and control of Classified Information as established and approved by the Classified Information Security Officer.

e.   "The Defense" means, individually or collectively, a defendant, defense counsel, an employee of such counsel, a consultant for a defendant, or a witness/potential witness for a defendant.

f.   "The Originating Agency" means the federal agency(ies) or department(s) with authority to classify or declassify materials or information.

**g.   "Walled-off" representative of the United States shall include any neutral person who is not an attorney for the United States as identified in subsection 5, who is not employed by such attorneys for the United States, who is not involved in prosecuting the Defendants or interested in the outcome of the prosecution, and for whom procedures have been put in place and are monitored by the Classified Information Security Officer for the restriction of the flow of any information between said walled-off representative and attorneys for the United States, their agents, employees, witnesses, or representatives.  A walled-off representative of the United States shall not reveal any information learned from the defense to an attorney or representative of the prosecution including any prosecution witnesses, consultants, or employees.**

3.   Defendants object to paragraph 3 as being too vague and incomplete.

Defendants propose the following changes to paragraph 3:

**Materials Covered.**   This Protective Order shall apply to all **properly marked and clearly identified** Classified Information (as defined in Paragraph 2 herein)

4

produced or made available by the United States to the Defense, as well as all ~~Classified Information~~ information and material ~~otherwise possessed, reviewed, or~~ created by the Defense during this case, including any appeal or collateral attack **that incorporates, paraphrases, restates, or is derived from Classified Information produced or made available by the United States to the Defense. This Protective Order shall not apply to material or information in the public domain that the Government may assert is classified unless and until the Government has complied with the requirements set forth in paragraph 4 of this document.**

4. Defendants object to paragraph 4. Plaintiffs propose to impose upon the defense the burden of assuming that all information in the public may be classified and therefore subject to the protections of a section 3 CIPA protective order. This proposed approach is unworkable, unlawful, and violates due process. The Government possesses the duty to protect information that it deems to be classified and is in a far better position than the defense to identify public domain information that remains classified and therefore subject to the non-disclosure under other provisions of CIPA. Because a section 3 protective order, may only apply to "classified information that is disclosed to a defendant" by the Government in connection with the case, if the Government wishes to disclose the classified nature of certain public domain information as part of the discovery in this matter, it certainly may do so. 18 U.S.C. App. III, § 3, *United States v. Pappas*, 94 F.3d 795 (2nd Cir. 1996). It may not however properly restrain discussion or unrestricted possession of public domain information by the defense using a section 3 CIPA protective order if it has not identified and provided marked classified public domain information to the defense in connection with the case. Moreover, the Court may not properly restrict the defense's use or communication of any public domain information or knowledge obtained by the defense prior to proper notification of its classified nature under section 3 of CIPA after the criminal trial has ended. *See Pappas*,

94 F.3d at 800.  Instead, federal criminal statutes apply to prevent such disclosures. *See* Senate Report at 6, reprinted in 1980 U.S.C.C.A.N. at 4299, quoted in *Pappas, id.*

In order to understand why the Government's approach in paragraph 4 -- and indeed in much of its protective order -- is unworkable, it is important to bear in mind the complexity of classification considerations.  Contrary to the position that the Government may wish to assert, not all nuclear information is Restricted Data.  The Code or Federal Regulations dealing with classified information are demonstrative of why there is such an important need for the Government to specifically identify in this case which information is classified and subject to CIPA and which is not, especially with regard to information in the public domain.  *See e.g.*, 10 C.F.R. §1045.15, § 1045.16, § 1045.17.  Under the Government's proposed CIPA order, Defendants and their counsel would be left to guess what is actually classified and what is not.  This is particularly dangerous where the protective order proposes to hold the defense criminally liable and subject to the Court's contempt powers for "negligent handling or unauthorized disclosure or retention of Classified Information."  The Government's proposed protective order proposes to make full compliance with the terms of the protective order "an additional condition of each of the defendant's current conditions of pre-trial release" and suggests that any breach of its terms "would constitute a violation of their conditions of pre-trial release," resulting in "a revocation of their pre-trial release."  Under these circumstances the vague protective order proposed by the Government violates Defendants' due process rights.

In accordance with CIPA and the applicable regulations, Defendants propose the following changes to paragraph 4:

> **Information in Publicly Available or Open Sources:  The United States has represented that** information may sometimes appear in a publicly available or

open source that contains **currently classified** RD, **currently classified** FRD, or is otherwise designated as being **currently** classified **national security** information by a federal government agency.  Such information may appear in open sources such as the Internet, newspapers, magazines, articles, books, speeches, or open meetings, or be broadcast on radio or television or other media.  The fact that such information has appeared publicly does not make it **automatically** unclassified.  For example, in order for RD ~~or FRD~~ to be declassified, the Department of Energy must first take affirmative steps to declassify it. **Because the government has the right to neither confirm nor deny whether information in the public domain is classified, the defense cannot be presumed to know the classification status of public domain information.  Thus, where the government chooses to assert that public domain information is classified for purposes of this case and therefore subject to restrictions on disclosure pursuant to CIPA, the Government must properly communicate this assertion in writing to the defense and must identify, produce, and properly mark such public domain information.  Where a governmental entity or agency, including the national laboratories, or Congress and/or its committees have published RD, FRD or national security information in the public domain, such information is presumed to have been declassified and will be treated as no longer classified for purposes of this case and not subject to this protective order unless the Government provides the defense with written notice that the information is in fact classified.  Other information in the public domain will ordinarily not be classified and for purposes of this case the presumption shall be that any information obtained in the public domain is not classified and will not be subject to CIPA's restrictions on disclosure unless the Government notifies the defense in writing that it claims that such publicly available or open source material contains Classified Information.  Written notices provided under this section must contain a clear statement of whether the material is considered original Classified Information or whether it is considered derivative Classified Information and identify the agency and individual classifying such information.  Moreover, such notice must clearly indicate which portion of the publicly available or open source information is alleged to contain Classified Information, must clearly state the subject matter and substance of the information or material that is allegedly classified, must provide a copy of the original Classified Information clearly marked as such pursuant to Executive Order, statute or regulation to both the Court and attorneys for the Defendants, and must demonstrate agency compliance with all pertinent regulations and guidelines. Where the Government complies with such notice requirements, the security procedures set forth herein shall only then apply to the public domain information alleged to be classified, and shall so apply until the Court has had an opportunity to resolve any challenge or dispute by the defense, or until the agency or department that originated the documents or information contained therein declassifies the documents and clearly indicates such declassification on the face of the documents.**

The fact that **classified** RD, **classified** FRD, or other Classified Information has appeared in a publicly available or open source is itself classified at the same level and category as the **classified** RD, **classified** FRD, or other Classified Information at issue, and **therefore notice provided to the defense that such public source information is classified** and the fact of public disclosure of such information consequently must be treated with the same level of protection **set forth herein** as the underlying RD, FRD, or other Classified Information at issue. Therefore, ~~except to a cleared person as provided in this Protective Order, any Court order issued pursuant to Section 5 of CIPA, or any other Court order,~~ any person who has **received such notice and** access to **properly identified and marked** RD, FRD, or other Classified Information in connection with this case is prohibited from ~~using or~~ confirming or commenting upon the ~~existence, accuracy, classification, or technical merit of any~~ **classified nature of such publicly available or open source** RD, FRD, or other Classified Information ~~which may appear, or may have appeared, in any publicly available or open source~~, **except to a cleared person or pursuant to Sections 5 and 6 of CIPA or any other Court order.**

5. Defendants object to paragraph 5 insofar as it is incomplete. Defendants seek the following amendment as follows:

**Declassification of Materials and Information.** All Classified Information shall be handled, secured, and used only in accord with the terms of this Protective Order. The Originating Agency will physically mark with a clear marking all Classified Information that it declassifies following entry of this Protective Order **and will do so in accordance with the requirements set forth in the applicable regulations and classification guides**. **The defense shall be afforded the right to seek and obtain a declassification review of all Classified Information and will be granted a hearing on all challenges or objections to the Originating Agency determination wherein the Court will require the Originating Agency to demonstrate that it has complied with all applicable regulations and laws in conducting such review and making classification/declassification decisions.**

6. Defendants object to paragraph 6 as demonstrated herein and seek the following amendment:

**Classified Information Security Officers. In accordance with the provisions of CIPA,** the Court hereby designates Jennifer H. Campbell, as the Classified Information Security Officer and Branden M. Forsgren, Christin E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriguez-Feo, Harry J. Rucker, and Winfield S. Slade as alternate Classified Information Security Officers for this case, for the purposes of providing security arrangements necessary to protect any Classified Information

to which **this Protective Order applies and that** the Defense will have access **to** in connection with this case ~~or that may be in the possession of the Defense as a result of the defendant's prior relationship with the Government.~~ Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, handling, transmittal, and use of Classified Information. Such guidance shall include, but is not limited to, how the Defense addresses and uses Classified Information in court filings and at court hearings.

7.   Defendants have no objections to paragraph 7.

8.   Defendants object to paragraph 8 and request the following changes be made:

**Defense Counsel.** The Court has been advised that the defendants' counsel, Jason Bowles, Erlinda O. Johnson, and Kirtan Khalsa, all have the requisite security clearances allowing them to have access to the Classified Information that relates to this case. Accordingly, these attorneys shall be permitted access to Classified Information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order and any other orders of the Court. The Court has also been advised that Robert R. Cooper, counsel for Defendant Pedro Leonardo Mascheroni, is in the process of obtaining the requisite security clearance to allow him to have access to Classified Information that relates to this case. Once the Classified Information Security Officer confirms that Robert R. Cooper has the requisite security clearance, he shall be permitted to have access to Classified Information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order and any other orders of the Court. Defendant Pedro Leonardo Mascheroni and Defendant Marjorie Roxby Mascheroni will also be given access to Classified Information subject to the terms of this Protective Order, and any other Court orders. Any additional person whose assistance the defendants reasonably require may have access to Classified Information in this case only after first obtaining from this Court, and after satisfying the other requirements described in this Protective Order for access to Classified Information, **ex parte** approval for access to the required level and category of Classified Information on a need-to-know basis. **Should the Court or the Classified Information Security Officer need to consult with a Government official in consideration of such ex-parte requests, a walled-off representative will be designated for such consultations.** The substitution, departure, or removal from this case of defense counsel, or any other person associated with the Defense as an employee or witness or otherwise, who had access to Classified Information under the terms of this Protective Order (as used herein, "cleared person"), shall not release that person from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective

Order.  **However, such persons may submit a request for declassification review in accordance with applicable regulations.**

9.      Defendants have no objections to Paragraph 9.

10.     Defendants object to Paragraph 10. There is a very clear theme of Government desired secrecy over this whole case rather than just over classified information.  However, Defendants have a right to a public trial.  *See New York Times Co. v. United States*, 403 U.S. 944 (1971) (denying a motion to close argument in the Pentagon Papers case). The Government has called on the court to adjudicate the charges it has chosen to bring against Defendants, and it "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

> Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

*Id.* (internal citations omitted).  Defense counsel take their duties as officers of the Court seriously, and have no intention of filing documents in the public record that contain classified information.  It is simply ridiculous to subject every pleading filed in this case to Executive Agency scrutiny as a prerequisite to public filing regardless of whether a given pleading contains classified information or not.  Such a process would be a gross distortion of CIPA's requirements and would unnecessarily waste judicial, CJA, and executive branch resources.  Rather than waste time reviewing unclassified pleadings, the Department of Energy and any other agency involved in this case, should put its

resources toward completing its classification review of the documents seized from Defendants' home two years ago as promised in the search warrant affidavit. The Court should not permit the Government's unprecedented exertion of unnecessary control over unclassified pleadings proposed by it. Defendants request the following changes:

> **Filing of Documents.** All pleadings or other documents filed by a party **that contain Classified Information covered by this Protective Order,** shall be filed under seal with the Court through the Classified Information Security Officer or her designee, unless counsel has obtained from the Classified Information Security Officer **or her designee**, written permission, ~~specific to a particular, non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) not containing information that is or may be Classified Information or under seal~~, to file the pleading or documents **in the public record and** not under seal. Pleadings or other documents filed under seal with the Classified Information Security Officer or her designees shall be marked, "Filed in Camera and Under Seal with the Classified Information Security Officer or Designee." The date and time of physical submission to the Classified Information Security Officer or designee shall be considered the date and time of filing. At the time of making a physical submission to the Classified Information Security Officer or designee, counsel shall file in the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made. The notice is to contain only the case caption and an unclassified title of the filing. The Classified Information Security Officer or her designee shall immediately deliver, under seal, to the Court and opposing counsel (unless such filing is an appropriate *ex parte* filing) any filed pleading or document. The Classified Information Security Officer shall promptly examine the pleading or document and, in consultation with representatives of the appropriate federal agencies **(such representative to be a walled-off representative in the case of *ex parte* pleadings)**, determine whether the pleading or document contains Classified Information. If **in this process** it is determined that the pleading or document contains Classified Information, the Classified information Security Officer shall ensure that the portion of the document containing Classified Information, and only that portion, is marked with the appropriate classification marking and remains under seal. Any portion of any filed **pleading or document** that does not contain Classified Information will be placed in the public record unless the document or pleading has been filed under seal for **other** reasons unrelated to classification.

11. Defendants have no objection to paragraph 11.

12. Defendants object to paragraph 12 and request the following changes:

11

**Protection of and Access to Classified Information.** The Court finds that in order to protect Classified Information involved in this case, no individual other than appropriately cleared ~~attorneys for the United States, Department of Justice employees, and~~ personnel of the Originating Agency, shall be allowed to obtain access to Classified Information, **or in the case of appropriately cleared attorneys for the United States and Department of Justice employees continued access to Classified Information or derivative pleadings and documents,** unless and until that person has received from, or verified through, the Classified Information Security Officer, the appropriate security clearance for the highest level and category of the Classified Information involved in this litigation, has signed the Memorandum of Understanding, in the form attached hereto, thereby agreeing to comply with the terms of this Protective Order, and has obtained the Classified Information Security Officer's permission to receive access to Classified Information. Nothwithstanding the preceding sentence, Defendant Pedro Leonardo Mascheroni and Defendant Marjorie Roxby Mascheroni shall be granted access to Classified Information involved in this litigation **and any derivative pleadings or documents produced in this litigation** subject to the terms of this Protective Order after signing the Memorandum of Understanding. However, in the interest of national security, Defendant Pedro Leonardo Mascheroni and/or Defendant Marjorie Roxby Mascheroni may be excluded from access to certain Classified Information, possibly including but not limited to any Classified Information of which they had no previous knowledge or did not previously possess **if after notice to the defendant's counsel and an opportunity to be heard and after conducting a hearing on the matter, the Court determines such exclusion to be Constitutionally and otherwise legally appropriate**. In addition, the Defense shall have access to classified information **provided by the United States to the defense in this case** only as follows:

a.      All **properly identified and marked** Classified Information provided by the United States to the defendants through defense counsel in discovery or otherwise, and all Classified Information **derived or created by the Defense therefrom** ~~possessed, created, or maintained by the Defense~~, shall be stored, maintained and used only in the Secure Area. No **properly identified and marked** Classified Information **provided by the United States to the defendants through defense counsel in discovery or otherwise and no Classified Information derived or created by the Defense from Classified Information provided by the United States in discovery**, shall be maintained by the Defense in any place other than the Secure Area established by the Classified Information Security Officer.

b.      The defendants and any other cleared person associated with the Defense shall have access to Classified Information **provided by the United States in discovery or otherwise in connection with this case** only while in the Secure Area accompanied by counsel for the defendants who hold the appropriate security clearance and have signed the Memorandum of Understanding. While in the Secure Area, the Defense shall have free access to the Classified Information **provided by the United States to the defense** to which they otherwise have

12

access pursuant to this Protective Order and shall be allowed to take notes and prepare documents with respect to those materials, provided those notes and documents are stored, maintained, and used in accordance with the terms of this Protective Order.

c. No person, including counsel for the defendants, shall copy or reproduce any Classified Information **provided by the Government to the defense** in any manner or form, except with the approval of the Classified Information Security Officer or in accordance with the written procedures established by the Classified Information Security Officer for the operation of the Secure Area.

d. All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain Classified Information **provided by the Government to the defense** must be prepared in the Secure Area on word processing equipment approved by the Classified Information Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, or exhibits) that do or may contain Classified Information shall be maintained in the Secure Area unless and until the Classified Information Security Officer determines in writing, after consultation with the appropriate federal agencies, that those documents or associated materials are unclassified in their entirety. Except for documents filed with the Court or documents required to be disclosed pursuant to CIPA, the Federal Rules of Criminal Procedure, or Court order, none of these materials shall be disclosed to counsel for the United States.

e. Subject to Paragraph 12.i. below, the Defense shall discuss Classified Information **provided by the United States to the defense** only with the defendants and any other cleared person associated with the Defense and only in the Secure Area, except that if discussions are held with attorneys for the United States, the Court, or representatives of an Originating Agency, such discussions may be held in any other area approved by the Classified Information Security Officer. The Defense shall make no statement in open Court, or to the public, or to any person lacking the requisite clearance and Court approval pursuant to this Protective Order, that reveals, discloses, or includes Classified Information **that is disclosed by the United States to the defendant except in accordance with CIPA and any Court orders which authorize such disclosure.**

f. The Defense shall not disclose, without prior approval of the Court, any Classified Information **that is disclosed by the United States to the defense** to any person whose name does not appear in this Protective Order except the Court, Court personnel, and the attorneys for the United States identified by the Classified Information Security Officer as having the appropriate clearances and the need to know. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance from the Classified Information Security Officer, to sign and file with the Court the Memorandum of Understanding appended to this Protective Order, and to comply with all the terms and conditions of this Protective Order. The Classified Information Security Officer shall not disclose the identity of any person for whom the Defense seeks a security clearance to any attorney for the United States

who is now or who may in the future be designated to participate in the litigation of any part of this matter.

g.     The Defense shall not discuss Classified Information **provided by the United States to the Defense** over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not been granted access by the Court to Classified Information and complied with the terms of this Protective Order.

h.     Any documents written or otherwise created by the Defense that do or may contain Classified Information shall be transcribed, recorded, typed, duplicated, copies, or otherwise prepared only by persons who have obtained the appropriate security clearances and have been authorized to have access to Classified Information pursuant to this Protective Order.

i.     If counsel for the United States advise defense counsel in writing that certain Classified Information may not be disclosed to the defendant(s), then defense counsel shall not disclose such information or materials to either of the defendants without prior written concurrence of counsel for the United States. Absent such concurrence, defense counsel may seek approval from the Court to disclose such Classified Information. Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to either of the defendants of such Classified Information. The Classified Information Security Officer shall make arrangements for the segregation within the Secure Area of any Classified Information to which the defendants do not have access.

13.     Defendants object to paragraph 13 insofar as it is incomplete in that it fails to clearly state that application of the protective order extends only during the pendency of the case. *See Pappas*, 94 F.3d at 800 and CIPA legislative history discussed therein. Defendants thus request the following changes be made to paragraph 13:

> **Memorandum of Understanding Procedures.**  All signed Memoranda of Understanding shall be filed with the Court. The substitution, departure, or removal for any reason from this case of counsel for a Defendant or any other cleared person associated with the Defense as an employee or witness or otherwise shall not release that individual from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order **during the pendency of this litigation.**

14.     Defendants object to paragraph 14 and request the following changes be made in accordance with the law:

> CIPA Procedures Governing Public Disclosure.  Procedures for the public disclosure of Classified Information by the Defense shall only be pursuant to the

14

procedures set forth in Sections 5 and 6 of CIPA. No Classified Information **that has been provided by the United States to the Defense** may be disclosed by the Defense except

a.    to the Court, court personnel, and attorneys for the Untied States and their agents and employees identified by the Classified Information Security Officer as holding proper approval for access to the Classified Information;

b.    to representatives of the Originating Agency who have been identified by the Classified Information Security Officer as holding proper security clearances and having the need to know the Classified Information;

c.    in accordance with the procedures of CIPA and the procedures established by the Classified Information Security Officer; or

d.    to persons who have obtained the appropriate security clearances and have been authorized to have access to the Classified Information pursuant to this Protective Order.

To facilitate the Defense in its filing of notices as required under section 5 of CIPA, the Classified Information Security Officer shall make arrangements with the appropriate Originating Agency, without informing the Originating Agency of the identity of the requesting party, for a **proper** determination of the classification **including classification** level and category, if any, of materials or information either within the possession of the Defense or about which the Defense has knowledge and which the Defense intends to use in any way at any pretrial proceeding, motion, deposition/interview, trial, or appeal. Nothing submitted by the Defense to the Classified Information Security Officer pursuant to this paragraph shall be made available to counsel for the United States ~~by the Classified Information Security Officer,~~ unless so ordered by the Court, or so designated by the Defense. Any and all of these items which are classified shall be listed in Defendant Pedro Leonardo Mascheroni's and Defendant Marjorie Roxby Mascheroni's Section 5 notices under CIPA.

15.    Defendants object to paragraph 15 of the Government's proposed protective order because it suggests judicial creation of a criminal negligence standard to be applied in this case. Defendants have proposed a modification that conforms to the law:

> **Unauthorized Disclosure of Classified Information.** Any ~~negligent handling or~~ mishandling or unauthorized disclosure of Classified Information could cause serious damage – and possibly exceptionally grave damage – to the national security of the United States, **and** may be used to the advantage of a foreign nation against the interests of the United States~~, and may constitute violations of United States criminal laws~~. **The parties are reminded that the criminal laws punish certain willful, knowing and intentional mishandling or disclosure of classified information. Any willful, knowing, and intentional violation of the terms of this Order** ~~In addition, any violation of the terms of this Order shall be~~

15

~~brought immediately to the attention of the Court and~~ may result in a charge of contempt of Court and possible referral for criminal prosecution **in accordance with the law**.  Any **willful or intentional** breach of this Order may also result in the termination of a person's access to classified information.  ~~Full compliance with all of the terms of this Protective Order shall be made an additional condition of each of the defendant's current conditions of pre-trial release.  If the Court finds any breach of this Protective Order by Defendant Pedro Leonardo Mascheroni or Defendant Marjorie Roxby Mascheroni, such breach would constitute a violation of their conditions of pre-trial release, which could result in a revocation of their pre-trial release.~~ This Protective Order is intended to ensure that **during the pendency of this litigation** those authorized to receive Classified Information in connection with this case will ~~never~~ not divulge ~~that~~ **classified** information **disclosed by the United States to the Defense,** to anyone not authorized to receive it~~.~~, unless authorized to do so by the Court pursuant to CIPA.

16.     Defendants object to paragraph 16 of the proposed protective order insofar as the Government is attempting to obtain a Court declaration that it owns privately generated unclassified information, privately generated public domain information, and the bulk of the material seized from Defendants' home.  If the Government wishes to forfeit Defendants' or other private individuals' information that is contained within the public domain it must initiate the appropriate proceedings for doing so.  There is no possible interpretation of section 3 of CIPA that would permit the Government's proposed taking of private property through the Court's protective order.  On the other hand, Defendants do not object to the notion that government owned and generated classified information provided to the defense under this case will remain the property of the United States.  For these reasons defendants request that the Court adopt the following proposed changes to paragraph 16:

> **Property Interest in Classified Information.**  All **Government information and** ~~Classified Information~~ **material that the United States has provided to the Defense in connection with this case, that has been properly classified by a knowledgeable, authorized classifier and properly identified and marked in accordance with the applicable regulations** to which the Defense **will be provided** ~~has~~ access in this case is now and will remain the property of the United

States. **However, privately generated restricted data will remain the property of the private party unless such information has been properly classified in accordance with the applicable regulations[2] and the private person has been provided all means for asserting his or her property rights in accordance with the law including under the Atomic Energy Act. Likewise, privately generated information and material that the Government has determined contains national security information of FRD will remain the property of the private party unless such information has been classified in accordance with the applicable regulations and the Government has obtained a Court order authorizing a taking of such private property.** Upon demand of the Classified Information Security Officer, any person who obtained access to Classified Information **from the United States** in connection with this case shall return to the Classified Information Security Officer all Classified Information in his/her possession. The notes, summaries and other documents prepared by the Defense that do or may contain Classified Information shall remain at all times in the Secure Area or be otherwise handled according to the directives of the Classified Information Security Officer. At the conclusion of this case, including any timely appeal or timely collateral attack, all such notes, summaries and other documents are to be destroyed by the Classified Information Security Officer, **unless such documents have been submitted by the defense for a declassification review, or have otherwise been declassified.** Defense counsel may be present at such destruction if counsel so requests in writing prior to such destruction.

17. Defendants object to paragraph 17 of the Government's proposed protective order insofar as it does not provide appropriate protections for the defense to exercise its right not to prematurely disclose its witnesses, experts, or consultants to the prosecution. Defendants request the following changes:

> **Delivery of this Protective Order.** A copy of this Protective Order shall be issued forthwith to defense counsel who shall be responsible for advising members of the defense who need to know of the contents of this Protective Order. The defendants, counsel for the defendants, and any other members of the Defense who will be provided access to Classified Information, shall execute the Memorandum of Understanding described in this Protective Order prior to gaining access to any Classified Information, and counsel for the defendants shall

---

[2] Fn 8,10 C.F.R. § 1045.21, 5670.3 DOE 5670.3, Identifying Classified Information (Feb 01, 2011) (establishing the program to identify information classified under the Atomic Energy Act [Restricted Data (RD), Formerly Restricted Data (FRD), and Transclassified Foreign Nuclear Information (TFNI)] or Executive Order (E.O.) 13526 [National Security Information (NSI)], so that it can be protected against unauthorized dissemination.)

file executed originals of such documents with the Court (***ex parte* and/or under seal if deemed necessary by the defense**) and the Classified Information Security Officer.  The execution and filing of the Memorandum of Understanding is a condition precedent for the Defense to have access to Classified Information.

18. Defendants object to paragraph 18 of the proposed protective order only insofar as it is incomplete.  Defendants request that the Court adopt the following additional provisions:

> **Persistence in Not Guilty Pleas.**  The Defendants have entered pleas of not guilty to all charges against them and have the right to continue to deny all of the allegations against them.  Nothing in this Protective Order shall or may be construed as an admission by the defendants to any of the charges in the indictment.  **By stipulating to entry of this Protective Order, Defendants are not deemed to have admitted that any data involved in this case is Classified Information under the law, or that any information or data allegedly possessed or created by them constituted Classified Information implicating national security concerns or the national defense.  In agreeing to be bound by the stipulated language of this Protective Order, the Defendants have in no way waived their rights to persist in their denial of all charges against them, and nothing herein shall be construed as an admission by the Defendants as to any matters factual or otherwise.  All rights of the Defendants, including but not limited to the rights to challenge the Classification of data covered by this Protective Order are preserved.  Nothing in this Protective Order shall be construed or operate as an admission of any facts or as a waiver of any rights or defenses.**

19. Defendants have attached hereto as Exhibit A, a "dirty" copy of the Government's proposed Protective Order.  Defendants have also attached hereto as Exhibit B, a "clean" copy of its proposed modifications to the Government's proposed Protective Order which Defendants request the Court adopt.

WHEREFORE, for the reasons more fully discussed in Defendants' Memoradum in Support of Defendant's Objections to the Government's Proposed CIPA Protective Order, Defendants respectfully request that the Court modify the Government' proposed protective order as requested herein, and enter the modified order in the from attached hereto as Exhibit B.

        Respectfully Submitted,

        /s/
        Robert R. Cooper
        1011 Lomas Blvd. NW
        Albuquerque, NM 87102
        (505) 842-8494

        /s/ Kirtan Khalsa
        Kirtan Khalsa
        812 Marquette Ave. NW
        Albuquerque, NM 87102
        (505) 604-3322

        /s/
        Erlinda O. Johnson
        1011 Lomas Blvd. NW
        Albuquerque, NM 87102
        (505) 792-4048

        /s/
        Robert Jason Bowles
        201 3rd St. NW #1370
        Albuquerque, NM 87102
        (505) 217-2680

I hereby certify that a copy of this pleading was transmitted via CMECF to all parties entitled to notice on this 10th day of November, 2011.

/s/ Kirtan Khalsa
Kirtan Khalsa