IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Criminal No. 10-2626 BB

PEDRO LEONARDO MASCHERONI,
also known as Luke, and
MARJORIE ROXBY MASCHERONI,

    Defendants.

## DEFENDANTS' MOTION TO MODIFY PROTECTIVE ORDER PERTAINING TO CLASSIFIED MATERIAL

Defendant, Dr. Pedro Leonardo Mascheroni, through counsel, hereby moves the Court to enter an order supplementing paragraph 4 of the protective order to include current updated DOE policy regarding the "no comment" policy pertaining to the handling, storage and use of publicly available or open source information that may contain classified information. As grounds for this motion, Dr. Mascheroni states:

1.    On March 23, 2012 the Court entered its protective order pertaining to classified material. [Doc. 230]. Paragraph 1 of the Protective Order clearly states that it may be modified "from time to time by further order of the Court acting under the law or the Court's inherent supervisory authority to ensure a fair and expedition trial." Doc. 230, ¶ 1.

2.    Paragraph 4 of the Court's protective order contains language pertaining to DOE's "no-comment" policy concerning classified information in publicly available or open sources. *See* Doc. 230, ¶ 4. The Government adopted this language from an outdated DOE policy that was enacted in 1986 "before widespread use of the internet." *See* United States' Reply Brief Re. Docket Nos. 171, 179, 180 at 19-20 [Doc. 195]; *Department of Energy Classification Bulletin –*

1

*Gen-16: "No Comment Policy for Classified Areas,"* dated Oct. 1, 1986, part II.A, attached hereto as Exhibit A; *Communique*, Volume XVI, Issue 3, at 6, August 2005, attached hereto as Exhibit C. This outdated policy from which the Court's protective order was drafted has been cancelled and superseded with GEN-16 Revision adopted August 31, 2011. *See Department of Energy Classification Bulletin – Gen-16 Revision: "No Comment" Policy on Classified Information in the Public Domain,* dated August 31, 2011, attached hereto as Exhibit B. The new policy is far more comprehensive than the old policy, and provides clear guidelines concerning the use, handling, and storage of potentially classified public domain information in the era of the internet. Dr. Mascheroni's defense team hereby requests that the Protective Order be modified to incorporate DOE's current "no-comment" policy in its entirety.

3. Classification Bulletin GEN-16, "No Comment Policy for Classified Areas," was originally written in 1986 to deal with circumstances in which classified information appears in the public domain and to provide guidance as to spoken communications in classified subject areas. *See* Exhibit C at 6. Because GEN-16 was created before widespread use of the internet, "[i]n the wake of increased availability of sources that may contain classified information" created by the internet, DOE in 2005 began reconsideration of the "No Comment" policy. *Id.* Recognizing that there were "several difficulties" with the 1986 "No Comment" policy, DOE announced in 2005 that the policy was being "fine tuned." *Id.* In identifying the "difficulties" presented by the 1986 "No Comment" policy in the wake of increased availability of public domain information created by widespread use of the internet, DOE's office of Classification and Information Control explained:

> Although [the 1986 version of] GEN-16 provides general guidelines, it does not provide specifics. For instance, "comment" is not clearly defined. Many facilities have newspaper clipping services which automatically send articles of interest to employees. Is it comment if a newspaper article with classified information is e-mailed within the

2

> DOE complex? If the article is later determined to contain classified information, significant resources must be expended to sanitize systems with the information. If the article is sent without comment, is this [sanitization] necessary? Is citation of a well-known, authoritative source that contains classified information considered a comment? Is it a comment to visit or download documents from a public domain website that contain classified information?

*Id.* DOE's "fine-tuning" of GEN-16 took six years, but the result was a new policy enacted on August 31, 2011 that answered these and other specific questions, and one which makes sense in the context of this case, which in part involves investigation into and use of public domain and open source documents. *See* GEN-16 Revision, Exhibit B ("<u>CANCELLATION.</u> This bulletin supersedes GEN-16, 'NO COMMENT POLICY FOR CLASSIFIED AREAS,' dated October 1, 1986.")

4. In pertinent part, the current GEN-16 provides the following "Guidance," that the defense requests be included by addendum in the Court's Protective Order pertaining to classified information in this case:

> (1) <u>General Guidance</u>. A comment by cleared personnel is defined as any activity that would allow an unauthorized person to locate the information or confirm the classified nature or technical accuracy of the information. In today's information environment, it is unavoidable for cleared personnel to see or read classified information in the public domain. The following activities are not defined as providing a comment and are permitted by DOE cleared personnel:
>
> (a) <u>Reading Open Source Publications or Internet Web Pages.</u> Merely reading documents or publications available in the open literature that contain classified information is not a comment unless specified instructions to the contrary are issued by the U.S. Government regarding a specific compromise.

(b) <u>Collecting Publications or Internet Web Pages in a General Subject Area of Interest.</u> Collecting open source publications or web pages in a given subject area or lists of open source publications, assuming the title of that subject is not classified, is not a comment. Collections of topical news stories, favorite or bookmarked web sites, or listing of references do not by themselves constitute a comment. Basic summaries of collections of news articles may or may not constitute a comment depending on the content of the summary. Cleared DOE personnel must ensure that DOE classified information is not included within any summary of an open source document. Cleared personnel may collect open literature on such subjects as nuclear weapons, uranium centrifuges, etc., given that a variety of sources are widely available to the general public or to any informed uncleared researcher in the field, but they must not limit such collections to only open source documents that contain classified information.[1]

(2) <u>Classification Status.</u> A person authorized access to classified information must not comment, either verbally or in writing, to a person without authorized access to classified information on the classification status (including the fact that a document is being reviewed for classification or the results of such a review) of any classified information in the public domain.

---

[1] The defense has no intention of limiting materials it collects and reviews to public domain sources that contain classified material. For instance, the defense has, and will continue to draw information from sources to include government websites which sources the United States has previously indicated may be presumed to be unclassified. Moreover, despite the presumption afforded such Government published material, in accordance with the Court's protective order, even documents obtained from government websites will be submitted by the defense for classification review before being published in the public docket or in open court proceedings, as with the instant motion, whose exhibits have all been obtained through government publications or from United States Attorney's office.

4

(3) <u>Technical Accuracy.</u> A person authorized access to classified information must not comment, either verbally or in writing, to a person without authorized access to classified information about the technical accuracy of classified information in the public domain.

(4) <u>Unclassified Discussions of a Classified Subject Area.</u> When a person authorized access to classified information is requested as part of his or her official capacity to hold discussions in a classified subject area (e.g. press conference, town hall meeting, unclassified presentation, etc.) the employee may comment if the employee knows that the specific information is unclassified.[2]

*WARNING: Selective use of "No Comment" may result in confirming classified information. Therefore, a person authorized access to classified information should avoid commenting in such a manner that the use of "No Comment" would implicitly reveal that the information is classified. Employees should consider responding with a statement similar to "We do not comment on this type of information" for any questions concerning classified subject areas (e.g. yields, stockpile locations).*

(5) <u>Use of Public Domain Sources Containing Classified Information.</u>

(a) <u>Possession of Public Domain Sources.</u> The mere possession, storage, or distribution of material from the public domain (e.g., books, news articles, links to

---

[2] The Court has already addressed this provision with regard to conducting witness interviews in classified subject areas, and the Court's guidance is consistent with this policy. Should the Court adopt GEN-16 as the policy of the case, as requested by the Defense, and modify the protective order accordingly, this language could be modified to read:

When a person authorized access to classified information subject to this protective order is required as part of his or her work in the defense of this case to hold discussions in a classified subject area (e.g. during witness interviews) the person may only comment if the person knows that the specific information is unclassified.

5

        Internet sites) that may contain classified information does not by itself add credibility to such material or constitute comment. Any annotation of such documents which implies in any way that the source contains classified information constitutes comment, and the annotated material must be reviewed by a Derivative Classifier and marked and protected at the level and category of the information as indicated in classification guidance.

(b) <u>Citation of Public Domain Sources.</u> Cleared personnel may cite (e.g., in footnotes and bibliographies) well-known, open literature sources that contain classified information if the vast majority of the open source document or publication does not contain classified information and the specific reference does not point to the classified information in the document. Authors must consult with their local classification officer for guidance on acceptable citations.[3]

(c) <u>Annotation of Public Domain Sources.</u> Cleared personnel should not annotate public domain sources to indicate in any way that the source contains classified information or that the section containing classified information is technically accurate. If cleared personnel annotate a public domain source in a manner that does so, the annotated document must be reviewed by a Derivative Classified and marked and protected at the level and category of the information as indicated in classification guidance.

*NOTE: Per DOE Order 475.2A, Identifying Classified Information, Attachment 4, 1(a)(1), newly generated documents or material in a classified subject area and*

---

[3] Again, because the Protective Order provides that all save purely ministerial pleadings will be submitted for classification review prior to being placed in the public record, any citation to public domain documents in this case will be given an added layer of protection.

6

> *that potentially contain classified information must receive a classification review by a Derivative Classifier. This rule applies even if information contained in the document is taken from the Internet or another public domain source.*

*Id.* at 2-4. For more information concerning GEN-16 *see also Office of Classification, Classification Training Institute*, April 2012 (briefing information on Classification Bulletin GEN-16, No Comment Policy on Classified Information in the Public Domain) attached hereto as Exhibit D.

5. The Government has previously indicated that the "protective order was designed to work in conjunction with classification rules that apply to all holders of security clearances, to include the 'no comment' policy." *See* Doc. 195 at 20. The Government has suggested that the "defense should not expect the Court to manufacture a special set of classification rules that apply only to them." *Id.* In keeping with this principle espoused by the Government, the requested modification simply seeks to apply to the Protective Order the current DOE "no comment" policy applicable to any other holder of a DOE security clearance.

6. The Government has indicated its opposition to the requested modification.

WHEREFORE, for these and reasons that will be more fully developed at a hearing on the matter, Dr. Mascheroni respectfully requests that the Court grant this motion and modify its Protective Order pertaining to classified material to incorporate the 2011 Revised GEN-16 in its entirety as the policy of the case.

Respectfully Submitted,

/s/
Robert R. Cooper
1011 Lomas Blvd. NW
Albuquerque, NM 87102
(505) 842-8494

7

/s/ Kirtan Khalsa
Kirtan Khalsa
812 Marquette Ave. NW
Albuquerque, NM 87102
(505) 604-3322

I hereby certify that a copy of this pleading
was transmitted via the Classified Information
Security Officer or Designee to all parties
entitled to notice on this 8th day of
June, 2012.

/s/ Kirtan Khalsa
Kirtan Khalsa