```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW MEXICO
 2
   _____
 3 UNITED STATES OF AMERICA, )        Criminal Case No. 10-2626
                             )
 4         Plaintiff,        )        Bonito Courtroom
                             )        Albuquerque, New Mexico
 5            v.             )        June 21, 2013
                             )        2:11 p.m.
 6 PEDRO LEONARDO MASCHERONI,)
                             )
 7         Defendant.        )
   _____)
 8

 9                  TRANSCRIPT OF PLEA HEARING

10           Before the Honorable William P. Johnson
                   United States District Judge
11
   APPEARANCES:
12
   For the Plaintiff:           Dean S. Tuckman, Esq.
13                              Fred J. Federici, III, Esq.
                                Holland S. Kastrin, Esq.
14                              P. O. Box 607
                                Albuquerque, NM 87103
15
   For the Defendant:           Robert R. Cooper, Esq.
16                              1011 Lomas Blvd., NW
                                Albuquerque, NM  87102
17
                                Kirtan K. Khalsa, Esq.
18                              812 Marquette Ave., NW
                                Albuquerque, NM  87102
19
                                Richard A. Winterbottom, Esq.
20                              111 Lomas Blvd., NW, Ste. 501
                                Albuquerque, NM  87102
21
   For U.S. Probation:          Andrew Selph
22                              333 Lomas Blvd., NW, Ste. 170
                                Albuquerque, NM  87102
23
   Official Court Reporter:     Thomas L. Garrett
24                              333 Lomas Blvd., NW, Ste. 270
                                Albuquerque, NM  87102
25                              (505)348-2334
```

10CR2626, 6-21-2013

1    Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
2

3

4

5                              CONTENTS

6
Inquiry by the Court                                    4
7
Plea Accepted                                          25
8

9    Reporter's Certificate                                28
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

     10CR2626, 6-21-2013

1          (In session at 2:11 p.m.)

2                    THE COURT:  Thank you.  Please be seated.

3                    All right.  This is the case of United States versus

4      Pedro Leonardo Mascheroni, 10CR2626.

5                    Would counsel enter their appearances, please?

6                    MR. DEAN TUCKMAN:  Good afternoon, Your Honor.  Dean

7      Tuckman on behalf of the United States, here with Fred Federici

8      and Holland Kastrin.

9                    MR. ROBERT COOPER:  Good morning -- good afternoon,

10     Your Honor.  Robert Cooper, Kirtan Khalsa, and Richard

11     Winterbottom on behalf of Dr. Mascheroni.  He is present this

12     afternoon.

13                   THE COURT:  Has counsel had sufficient time to meet

14     and confer with Dr. Mascheroni?

15                   MR. COOPER:  Yes, Your Honor, we have.

16                   THE COURT:  Are you and Dr. Mascheroni ready to

17     proceed?

18                   MR. COOPER:  We are.

19                   THE COURT:  All right.  You all may come on up to the

20     podium.

21                   As soon as your lawyers are ready, then we'll

22     proceed.

23                   MR. TUCKMAN:  Sorry, Judge, checking on one thing.

24                   THE COURT:  Dr. Mascheroni, sir, if you would, would

25     you raise your right hand so you can be placed under oath.

10CR2626, 6-21-2013

1          (Defendant sworn under oath.)

2          THE CLERK:  Please state your full name for the

3     record.  Your full name for the record.

4          THE DEFENDANT:  My what?

5          THE CLERK:  Your full name.

6          THE COURT:  Just if you would, sir, state your name.

7          THE DEFENDANT:  Pedro Leonardo Mascheroni.

8          THE COURT:  Dr. Mascheroni, do you understand that

9     you're under oath now?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And the reason I ask you that question is

12     I have to ask you a whole series of questions, and I just want

13     to make sure you understand that, if you answered any of those

14     questions falsely, you could be charged with the offense of

15     perjury, or making a false statement under oath.  Do you

16     understand that, sir?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Okay.  Would you state your date of

19     birth, please?

20          THE DEFENDANT:  July 20, 1935.

21          THE COURT:  Now, in terms of your education, am I

22     correct that you're a Ph.D. physicist, sir?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  And you obtained your Ph.D. at UC

25     Berkeley?

10CR2626, 6-21-2013

1       THE DEFENDANT:  Yes, Your Honor.

2       THE COURT:  And in terms of that's been your

3   discipline and your training in your professional life is in

4   the field of physics; is that right, sir?

5       THE DEFENDANT:  Yes.

6       THE COURT:  And this is a question I'm required to

7   ask every defendant.  Have you been treated recently for any

8   kind of mental illness or any kind of addiction to narcotic

9   drugs?

10      THE DEFENDANT:  I was never treated from any problem

11  like that.

12      THE COURT:  Okay.  And then are you currently under

13  the influence of any drug, medication, or alcoholic beverage of

14  any kind?

15      THE DEFENDANT:  No.

16      THE COURT:  Okay.  And this is a formality, but let

17  me ask counsel, counsel, you're satisfied that Dr. Mascheroni

18  is fully competent to enter an informed plea; is that right?

19      MR. COOPER:  Yes, Your Honor.

20      THE COURT:  Okay.  Now, Dr. Mascheroni, there are

21  some preliminary questions before we get into the -- the Plea

22  Agreement, but there's, as I understand it, this plea is to

23  some charges that are in what's called an Information and then

24  some charges that are in the Indictment that was -- went to the

25  grand jury.  Now, I've been handed the document entitled,

1    "Information."  Did you have an opportunity to read and discuss

2    the Information with your attorneys?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  And then in terms of the -- was it an

5    indictment or a superseding indictment?

6              MR. TUCKMAN:  It was an indictment, Your Honor.

7              THE COURT:  And then in terms of the Indictment,

8    which was the document that was -- the government presented to

9    the grand jury and then you were indicted, did you have an

10   opportunity to read and discuss the charges that are in the

11   Indictment?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  And you discussed that with your lawyers?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Okay.  Now, let me find which one I'm --

16   there's a document here entitled, "Waiver and Consent to

17   Proceed with Counsel After Receiving Independent Advice

18   Concerning" -- I'm sorry, I'm at the wrong document.  Here's

19   what I'm looking for, a document entitled, "Waiver of

20   Indictment," where in blue ink above where the line that says,

21   "Pedro Leonardo Mascheroni," is that your signature, sir?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  All right.  And so you talked with your

24   counsel about you could -- you have the right to be -- to

25   proceed by an indictment, and by executing this Waiver of

10CR2626, 6-21-2013

1  Indictment, you are agreeing to proceed to those charges in the

2  Information.  Do you understand that, sir?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  And then you read and discussed this

5  waiver form with your counsel before you signed it?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Okay.  Now, let me inquire, are you

8  satisfied with the legal counsel, legal representation, and

9  legal advice given to you in this case by your counsel,

10 Mr. Cooper, Ms. Khalsa, and then special counsel

11 Mr. Winterbottom?

12         THE DEFENDANT:  I enjoyed one of them more than the

13 others, but I am going to keep it private.  I like them all.

14         THE COURT:  Okay.  All right, sir.  Now, there's also

15 a document up here that is entitled, "Waiver and Consent to

16 Proceed with Counsel After Receiving Independent Advice

17 Concerning Possible Future Conflict of Interest."  Now,

18 Mr. Winterbottom, on page -- I'm going to go in reverse order.

19 On Page 4, that's your signature, right?

20         MR. RICHARD WINTERBOTTOM:  It is, sir.

21         THE COURT:  And then on Page 3, Dr. Mascheroni,

22 that's your signature?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  And you had an opportunity to read and

25 discuss this document with Mr. Winterbottom before you signed

1    it; is that right?

2               THE DEFENDANT:  Yes, sir.

3               THE COURT:  And you understand the contents of and

4    you discussed this at length with Mr. Winterbottom; is that

5    right, sir?

6               THE DEFENDANT:  He's a very good lecturer, sir.

7               THE COURT:  I would agree.  He's practiced in front

8    of me many years.  So you understand this document?

9               THE DEFENDANT:  Yes.

10              THE COURT:  Okay.  Mr. Winterbottom, from your

11   perspective, is there anything else I need to ask

12   Dr. Mascheroni regarding the -- this waiver and consent form?

13              MR. WINTERBOTTOM:  No, Your Honor.

14              THE COURT:  All right.  All right.  Now, we're

15   getting to, I think, the last document, but this is the one

16   that's kind of thick.  I've been handled -- handed a document

17   entitled, "Plea Agreement."  Now, on Page 31, the very last

18   page, the very last signature space above where it says, "Pedro

19   Leonardo Mascheroni," is that your signature, sir?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  And you had an opportunity to read and

22   discuss this document at length with your counsel before I

23   commenced this hearing; is that right, sir?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Okay.  Do you understand the terms of

1 this Plea Agreement?

2 THE DEFENDANT: Not completely in terms of the law

3 then -- the -- the 2274(a), (b), and things like this, but I am

4 satisfied with the teaching that I got from this person.

5 THE COURT: From Mr. Winterbottom?

6 THE DEFENDANT: Right.

7 THE COURT: Okay. So you believe that you're

8 informed, and you are comfortable moving forward?

9 THE DEFENDANT: Yes. I am also -- he is a very good

10 teacher, but I just want to keep the balance.

11 THE COURT: Okay. All right. As far as whatever

12 agreement that has been reached with the United States on the

13 resolution of these charges, that agreement's contained within

14 this 31-page document; is that right, sir?

15 THE DEFENDANT: Yes, sir.

16 THE COURT: And the kind of the follow-up question to

17 that, and I always ask this of -- of individuals, there's, in

18 other words, there's not any oral side deals out there.

19 Whatever agreement there is, it's in the four corners of this

20 31-page document?

21 THE DEFENDANT: Within my understanding, sir.

22 THE COURT: Right. And I think that's the

23 understanding of the United States.

24 MR. TUCKMAN: That's right, Your Honor.

25 THE COURT: And that's the understanding of defense

1  counsel; is that right?

2         MR. WINTERBOTTOM:  It is.

3         THE COURT:  Okay.  And it's my understanding as well.

4  Now, your decision to enter into this Plea Agreement, it's a

5  voluntary decision that you made on your own after consulting

6  with your counsel?

7         THE DEFENDANT:  Very painful, very difficult, but I

8  was able to make it.

9         THE COURT:  And it's your own decision?

10        THE DEFENDANT:  It is my own decision.  It was a very

11  painful decision, but I made it.

12        THE COURT:  All right.  Now, Mr. Tuckman, this is an

13  11(c)(1)(C) Plea Agreement.

14        MR. TUCKMAN:  That's right, Your Honor.

15        THE COURT:  Okay.  And so, Dr. Mascheroni, they --

16  there's a term in -- this Plea Agreement, there are different,

17  under the statute, there -- or the rules, there are different

18  types of plea agreements.  This one is called an 11(c)(1)(C)

19  Plea Agreement, so what this means is the presiding judge in

20  the case, if I accept the Plea Agreement, then I'm -- I'm

21  agreeing myself to be bound by the terms of this document.  Do

22  you understand that?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE COURT:  And if I were to decide not to accept it,

25  then you would be allowed to withdraw your plea.  Do you

1    under -- did they go over that with you?

2              THE DEFENDANT:  Yes.  Yes, Your Honor.

3              THE COURT:  Okay.  Now, do you understand that the

4    offenses that are covered in this Plea Agreement are classified

5    as felony-level offenses under the laws of the United States?

6              THE DEFENDANT:  Yes, I understand that.

7              THE COURT:  And if I accept this plea, then you will

8    be adjudged guilty of those offenses?

9              THE DEFENDANT:  Yes, I understand that.

10             THE COURT:  Now, oftenti -- let me ask you this

11   question:  You are a United States citizen?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Okay.  Now, do you understand that, if

14   you were adjudged guilty of these offenses by my accepting this

15   Plea Agreement, then such adjudication may deprive you of

16   valuable civil rights, such as the right to vote, the right to

17   hold public office, the right to serve on a jury, and the right

18   to possess any kind of firearm?

19             THE DEFENDANT:  I never bought a firearm, and I

20   understand.

21             THE COURT:  Okay.

22             THE DEFENDANT:  The rest of --

23             THE COURT:  But if you wanted to buy a firearm, you

24   couldn't now as a result of this.  You understand that?

25             THE DEFENDANT:  I -- no interest at all.

10CR2626, 6-21-2013

1          THE COURT:  Okay.  Mr. Tuckman, I guess the next, has

2    the government -- let me ask you this.

3          MR. TUCKMAN:  Yes, sir.

4          THE COURT:  Is the United States satisfied that we've

5    covered enough in terms of the voluntariness of the -- the

6    plea?

7          MR. TUCKMAN:  Yes, sir, Your Honor.  The only one

8    thing I would add, it might go to the voluntariness phase of

9    it, is just that, as set forth in the Plea Agreement, the

10   maximum penalties.

11         THE COURT:  That was the next thing I was going into.

12         MR. TUCKMAN:  Okay.  I wasn't sure what your order

13   would be, so that would be the only thing, Your Honor.

14         THE COURT:  Okay.

15         MR. TUCKMAN:  I'm satisfied otherwise.

16         THE COURT:  And then how do you -- what's the easy --

17   the best way to review the -- Dr. Mascheroni, I have to make

18   sure -- I call it the worst-case scenario, but I have to make

19   sure you understand what's the worst-case scenario in terms of,

20   you know, incarceration, things of that nature.  So do you want

21   to just summarize the penalties?  Is that the easiest way,

22   or --

23         MR. TUCKMAN:  I think --

24         THE COURT:  -- do you want me to call -- review a

25   particular part of this document with him?

1          MR. TUCKMAN:  Your Honor, I could quickly just

2   summarize it, and then I think we can move along from there.

3          THE COURT:  Okay.

4          MR. TUCKMAN:  I don't --

5          THE COURT:  Dr. Mascheroni, if you would, just listen

6   to what Mr. Tuckman's going to say, and then I'm going to ask

7   you if you understand it, sir.

8          MR. TUCKMAN:  And Your Honor, I'm focusing on

9   Paragraph 4 of the Plea Agreement where Dr. Mascheroni

10  acknowledges the maximum penalties, and that is breach of

11  Counts 7, 8 of the Indictment, Counts 1 and 2 of the

12  Information, and Count 3 of the Information.  The maximum

13  penalty he faces is imprisonment for a term of ten years, a

14  fine of up to $250,000, a term of supervised release, a special

15  penalty assessment and restitution as the Court may order.

16         As to the other counts to which he's entering a

17  guilty plea, those being Counts 10 through 15 of the

18  Indictment, he's acknowledged that he understands the maximum

19  penalty on those counts is imprisonment for a period of not

20  more than five years, a fine not to exceed the greater of

21  $250,000, mandatory period of supervised release, special

22  penalty assessment of a hundred dollars, and restitution as the

23  Court may order.

24         THE COURT:  And those are the statutory penalties.

25         MR. TUCKMAN:  Yes, they are, Your Honor.

1           THE COURT:  All right.

2           MR. TUCKMAN:  But those are not the agreement.

3  Excuse me.  Of course, we've agreed to lesser penalties under

4  pursuant to Rule 11(c)(1)(C) that Your Honor mentioned earlier.

5           THE COURT:  Right.  Now, so my specific question to

6  you, Dr. Mascheroni, is do you understand the maximum or the

7  consequences -- well, I should say it this way:  Do you

8  understand the maximum penalties under the statute for the

9  offenses that are -- that you're pleading guilty to?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Okay.  And that's not the penalties that

12 are covered in this Plea Agreement, but it's the statutory

13 penalties.  You understand the distinction?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Okay.  Then the follow-up question to

16 that is you understand, sir, the possible consequences of

17 pleading guilty to these charges?

18          THE DEFENDANT:  That not completely, but I don't

19 think I need to take your time on that, so I will say yes.

20          THE COURT:  Okay.  Well, again, my -- I'm at your

21 disposal, so --

22          THE DEFENDANT:  To be honest with you, I would have

23 preferred a bench trial with you, but unfortunately, I made the

24 decision to plead.

25          THE COURT:  Okay.  Now, this is an 11(c)(1)(C) Plea

1    Agreement that we've talked about, but in the course of

2    conferring with your counsel, did they talk to you about the

3    United States Sentencing Guidelines and, if you were to proceed

4    to trial, how those, the United States Sentencing Guidelines,

5    would come into play?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Okay.  Now, there's a Waiver of Appellate

8    Rights in this; is that correct?

9              MR. TUCKMAN:  That's right, Your Honor.

10             THE COURT:  What paragraph is that in?

11             MR. TUCKMAN:  That is on Page 28, Paragraph 15.

12             THE COURT:  On Page 28, Dr. Mascheroni, there's a

13   paragraph that says, "Waiver of Appellate Rights."  If you had

14   entered -- let's say you went to trial and you were convicted

15   or if you just pled straight up to the Indictment and then, at

16   the time of sentencing, after the conclusion of the sentencing,

17   then a defendant typically has a right to file an appeal and

18   appeal the sentence as well as, you know, rulings that were

19   made by the trial judge to the Court of Appeals, and you

20   understand that?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Now, with that understanding,

23   Paragraph 15 basically, you know, to put this in a short

24   summary, if I accept this Plea Agreement and I sentence you in

25   accordance with this Plea Agreement, then you will have waiven

1  or given up your right to appeal the sentence.  Do you
2  understand that, sir?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  Okay.  In the federal system, do you
5  understand that parole has been abolished, so if you're
6  sentenced to prison, you will not be released on parole?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE COURT:  Now, the factual basis is that's
9  Paragraph 7; is that right?

10        MR. TUCKMAN:  That's right, Your Honor, beginning on
11  Page 4.

12        THE COURT:  All right.  Dr. Mascheroni, when the --
13  on Page 4, Paragraph 7, and going on through on Page 5, Page 6,
14  Page 7, Page 8, Page 9, Page 10, Page 11, Page 12, Page 13,
15  Page 14, Page 15, and on Page 16 down to the part in bold that
16  says, "Stipulations," are the facts contained in those
17  paragraphs, are those facts true, sir?

18        THE DEFENDANT:  Within my understanding.  I am not a
19  lawyer.  I am a theoretical physicist, and there is an
20  uncertainty because of that, because I think facts should be
21  perhaps better defined, but that is not the case in the law.
22  In terms of my understanding, this represents the truth.

23        THE COURT:  Okay.  And so if this represents the
24  truth, then you admit --

25        THE DEFENDANT:  Right.

10CR2626, 6-21-2013

1          THE COURT:  -- to these facts?

2          THE DEFENDANT:  I hope at the time of the sentencing

3   I'm going to be able to provide some details that are going to

4   be useful to you to see what I just stated to you.  That I --

5   I -- this does represent the truth.  This is the plea.  I

6   decided this is it, and I'm going to explain in better detail

7   what cannot be explained in this way.  If that is possible,

8   Your Honor, I thank you very much for your time.

9          THE COURT:  Now, does that satisfy the government?

10         MR. TUCKMAN:  Yes, Your Honor.  I would just also add

11  on the record that I know that Dr. Mascheroni has reviewed

12  Paragraph 7 in great detail with his attorneys and fully

13  understands what's contained therein.  I just want to make sure

14  we're -- we're clear on that also.

15         THE COURT:  And Mr. Winterbottom and Mr. Cooper, in

16  terms of the factual basis to support the plea, both of you

17  either collectively or separately have spent considerable time

18  with Dr. Mascheroni concerning the factual recitations in this

19  document?

20              MR. WINTERBOTTOM:  I and we have.

21         THE COURT:  And you're satisfied that he understands

22  it?

23              MR. WINTERBOTTOM:  I am satisfied that he understands

24  it.

25         THE COURT:  Okay.  And I did neglect to ask

1  Mr. Winterbottom and Mr. Cooper this question, but based on

2  your knowledge of the case and your review of the discovery --

3  and I know, Mr. Cooper, you, in terms of the discovery, you

4  have spent more time on that, reviewing that matter than

5  Mr. Winterbottom, but are both of you satisfied that, if the

6  case proceeded to trial, the government could make a prima

7  facie case on the counts charged in the Indictment and the

8  Information to which Dr. Mascheroni is pleading?

9          MR. COOPER:  Yes, Your Honor.

10          MR. WINTERBOTTOM:  Yes, Your Honor.

11          THE COURT:  Okay.  Mr. Tuckman.

12          MR. TUCKMAN:  Yes, sir.

13          THE COURT:  Is there anything before I take

14  Dr. Mascheroni's plea?

15          MR. TUCKMAN:  Your Hon --

16          THE COURT:  Is there anything else you wish me to --

17  that we've overlooked from the government's perspective you

18  think I need to inquire about?

19          MR. TUCKMAN:  Your Honor, I don't think you have.  I

20  just want to make clear, because Dr. Mascheroni's admitted that

21  he's read this entire document and gone over it with his

22  lawyers, but I think it might be helpful just to point out a

23  couple of the highlights such that he understands his rights to

24  go to trial.

25          THE COURT:  You know what, you're right.  Let me do

1    that.

2              MR. TUCKMAN:  And Your Honor, it's contained

3    Paragraph 2 of the Plea Agreement.

4              THE COURT:  Sure.

5              MR. TUCKMAN:  And I know he's gone over it in great

6    detail, but I think it would be helpful.

7              THE COURT:  I agree.  Dr. Mascheroni, let me review

8    with you what these rights, additional rights you have as a --

9    as a citizen or that anyone in this country charged with a

10   crime, and I'm talking about Paragraph 2.  First, do you

11   understand that you have an absolute right to plead not guilty

12   to all the offenses charged against you and to persist or

13   maintain in that not-guilty plea?

14             THE DEFENDANT:  I understand that, Your Honor.

15             THE COURT:  Okay.  Do you also understand that, if

16   you elected to maintain your not-guilty plea and you went to a

17   trial, whether it's a jury trial or a bench trial, that -- that

18   the government has the burden of proof?  That is, the

19   government has to prove each -- prove each of the essential

20   elements of all the offenses charged against you, and the

21   proof, it's a high standard.  It's called a beyond reasonable

22   doubt standard.  Do you understand that, sir?

23             THE DEFENDANT:  Yes, Your Honor, I understand that.

24   I don't understand how much is the resolution that one can

25   apply to facts.  The process, because the process is complex

10CR2626, 6-21-2013

1  and all of that and so on and so forth, so there is a certain

2  level of uncertainty, and I was satisfied with the explanation

3  that Dick provided to me, what is the level of uncertainty that

4  will appear if I go to a trial, and I am convinced, because of

5  that level of uncertainty, that I am making the right decision

6  to plea.

7          THE COURT:  Okay.  And you feel this overall, after

8  taking all of this into consideration, that this Plea

9  Agreement's in your best interest?

10          THE DEFENDANT:  I got that explanation very

11  scholastically and very clearly stated from Dick and also from

12  Bob.

13          THE COURT:  Okay.  Now, in terms of, again, if had

14  you decided you wished to go to trial, you have the --

15  understand that you have the right to the assistance of your

16  counsel for your defense at trial and at all stages of the

17  proceeding; is that right, sir?

18          THE DEFENDANT:  Yes, I understand.

19          THE COURT:  You also understand that, if you went to

20  trial, you would have the right to see and hear all the

21  witnesses and to have them cross-examined in your defense?

22          THE DEFENDANT:  We -- I understand that there are

23  limitations, but I understand.

24          THE COURT:  Okay.  And that if you went to trial, you

25  could testify yourself or you could exercise your right to

1    remain silent?  Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Okay.  And you could also, if you went to

4    trial, you could compel witnesses, subpoena witnesses to come

5    into court and testify on your behalf if you wanted them to?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Okay.  Or do you also understand that, if

8    you went to trial and you decided not to testify or not to call

9    any witnesses and put on any evidence at all, that those facts

10   could not be used against you?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  All right.

13             THE DEFENDANT:  I understand.

14             THE COURT:  And then do you understand that, by

15   entering into this Plea Agreement and if I accept your plea,

16   there will be no trial?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  And that you will have given up and

19   waived your right to a trial as well as these other rights

20   associated with the trial which I just asked you about?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Okay.  Thank you for calling that to my

23   attention, Mr. Tuckman.

24             MR. TUCKMAN:  Certainly, sir.

25             THE COURT:  I overlooked that section.  So did we --

1  was there anything else that we need to inquire about?

2          MR. TUCKMAN:  This -- this is not required, Your

3  Honor, but I think it makes sense to just put it on the record

4  for Dr. Mascheroni's benefit since we alerted him to the

5  maximum penalties, to just put on the record the (c)(1)(C)

6  penalties that we agreed to as to imprisonment so it's on the

7  record.

8          THE COURT:  Right, and the maximum was -- there was a

9  range after -- that will be determined at a -- and I should ask

10 this.  Now, Dr. Mascheroni, after today, I'll order a

11 presentence report to be prepared by the Probation Office where

12 there's going to be a number of facts in the presentence

13 report, and then there's a sentencing hearing, and you

14 understand that?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  And then at that time at the sentencing

17 hearing, there's a range.  I guess maybe for a lack of better

18 term, I'll call a high/low.

19         MR. TUCKMAN:  Sure.

20         THE COURT:  And so your lawyers will be advocating

21 and presenting whatever argument or evidence they wish for a

22 sentence on the low end, and that could include either you

23 testifying or you making a presentation to the Court, and then

24 the United States will be arguing perhaps sentencing on the

25 high end.  Do you understand that?

10CR2626, 6-21-2013

1          THE DEFENDANT:  I do.

2          THE COURT:  Okay.  And so that will be on down the

3    road, but -- but anyway, there will be a presentence report

4    that'll have to be prepared.  So in terms of the range,

5    Mr. Tuckman, what is the range in this 11(c)(1)(C) Plea

6    Agreement?

7          MR. TUCKMAN:  Your Honor, as to Counts 10 through 15

8    of the Indictment, the imprisonment range that we have agreed

9    to is not less than 24 months nor more than 60 months, which

10   are going to -- it's spelled out in the Plea Agreement how

11   they're going to run concurrent to the other counts.  As to the

12   other counts to which Dr. Mascheroni will be entering guilty

13   pleas, the term we have agreed to is not less than 24 months of

14   imprisonment nor more than 66 months of imprisonment, and

15   again, those counts are to run current with each other.

16         MR. WINTERBOTTOM:  Sixty.  Sixty.

17         MR. TUCKMAN:  Sixty-six.

18         MR. WINTERBOTTOM:  Sixty-six for the first, but 60

19   for the --

20         MR. TUCKMAN:  Yeah, I did --

21         MR. WINTERBOTTOM:  -- 10 through 15.

22         MR. TUCKMAN:  I did it backwards.

23         MR. WINTERBOTTOM:  Oh, you did.  Okay.

24         MR. TUCKMAN:  Yeah, so the two ranges we have, Your

25   Honor, are 24 to 60 months and 24 to 66 months.  I just did it

1   backwards from the Plea Agreement, --

2         THE COURT:  Okay.

3         MR. TUCKMAN:  -- which threw Mr. Winterbottom.  I

4   apologize for that.

5         MR. WINTERBOTTOM:  Confused me.

6         THE COURT:  So, doctor, do you understand that,

7   Dr. Mascheroni?

8         THE DEFENDANT:  Yes, I do.

9         THE COURT:  So under this Plea Agreement, the

10  worst-case scenario on incarceration is 66 months, and the

11  minimum is 24 months.

12        THE DEFENDANT:  Correct.  I understand.

13        THE COURT:  Okay.  All right.  Mr. Winterbottom, from

14  your perspective, is there anything else I need to inquire of

15  Dr. Mascheroni other than taking his plea?

16        MR. WINTERBOTTOM:  No, Your Honor.

17        THE COURT:  Mr. Cooper, from your perspective?

18        MR. COOPER:  No, Your Honor.  Thank you.

19        THE COURT:  And Mr. Tuckman, is the government

20  satisfied that I covered everything?

21        MR. TUCKMAN:  Yes, sir, Your Honor.

22        THE COURT:  All right.  Dr. Mascheroni, then, in

23  terms of the -- the counts, the charges that are covered in

24  this Plea Agreement, those by Indictment and those by

25  Information, how do you plead to those charges, sir, guilty or

1    not guilty?

2            THE DEFENDANT:  Guilty.

3            THE COURT:  And Mr. Tuckman, is it the request of the

4    United States that this Plea Agreement be accepted?

5            MR. TUCKMAN:  Yes, sir, it is, Your Honor.

6            THE COURT:  And Mr. Winterbottom?

7            MR. WINTERBOTTOM:  Yes, sir.

8            THE COURT:  All right.  It'll be the finding of the

9    Court in the case of United States versus Pedro Leonardo

10   Mascheroni that the defendant is fully competent and capable of

11   entering an informed plea, that the defendant is aware of the

12   nature of the charges and the consequences of the plea, and

13   that the plea of guilty to those charges by Information and

14   those charges by Indictment that are contained in the Plea

15   Agreement, that that guilty plea is a knowing and voluntary

16   plea supported by an independent basis in fact containing each

17   of the essential elements of the offenses.  The defendant's

18   plea is therefore accepted, and the defendant is now adjudged

19   guilty of the offenses to which he entered his guilty plea

20   pursuant to this Plea Agreement.

21           Now, I conferred with counsel, and it's my

22   understanding that Dr. Mascheroni has been compliant with

23   pretrial conditions of release; is that right, Mr. Selph?

24           THE PROBATION OFFICER:  That's correct, Your Honor.

25   I've had no issues with him, and I make regular unannounced

10CR2626, 6-21-2013

1    home visits over there, and he's always working on his case

2    over there.

3              THE COURT:  Okay.

4              THE PROBATION OFFICER:  So I've had no compliance

5    issues.

6              THE COURT:  All right.  And Mr. Tuckman, I understand

7    that it's the position of the United States that the United

8    States government is -- will not object to Dr. Mascheroni

9    remaining out on the same pretrial conditions of release.

10             MR. TUCKMAN:  Yes, Your Honor.  Before this hearing,

11   I told both Mr. Winterbottom and Mr. Cooper that we would defer

12   to Probation's position, and hearing it, that's fine, Your

13   Honor.

14             THE COURT:  All right.  Then I don't think I need to

15   hear anything else from defense counsel, so I will make the

16   finding, based on Dr. Mascheroni's satisfactory performance

17   while under pretrial supervision, that he's neither a danger to

18   the community nor a flight risk, and noting that the government

19   does not object, then I will allow Dr. Mascheroni to remain on

20   the same pretrial conditions of release that -- that were in

21   effect.

22             And I'll go ahead and order a presentence report to

23   be prepared by the Probation Office, and counsel, I anticipate

24   that we'll need some time for the sentencing hearing, so what I

25   think is towards -- once the presentence report is prepared, I

10CR2626, 6-21-2013

1   think what I'll do is have a telephonic scheduling conference,

2   and then we'll get it on the calendar and I'll ascertain from

3   counsel the amount of time that you believe's sufficient for --

4   for the sentencing hearing.

5           MR. TUCKMAN:  That makes sense, Your Honor.

6           THE COURT:  All right.  Anything else for today?

7           MR. WINTERBOTTOM:  No, Your Honor.

8           THE COURT:  All right.  Thank you, Dr. Mascheroni.

9           THE DEFENDANT:  Thank you.

10          MR. COOPER:  Thank you, Your Honor.

11          MR. TUCKMAN:  Thank you, Your Honor.

12          THE COURT:  We'll be in recess.

13       (Recess at 2:47 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1          REPORTER'S CERTIFICATE

2

3          I, THOMAS L. GARRETT, Official Court Reporter for the

4    United States District Court, District of New Mexico, hereby

5    certify that I reported the proceedings in 10CR2626 and that

6    the pages contained herein are a true and correct transcript of

7    the proceedings.

8          I FURTHER CERTIFY that I am neither employed by nor

9    related to any of the parties or attorneys in this case and

10   that I have no interest whatsoever in the final disposition of

11   this case in any court.

12         WITNESS MY HAND this 27th day of September 2013.

13

14                          _____

15                          Thomas L. Garrett, CCR, FCRR
                            Official Court Reporter
16                          CCR No. 255

17

18

19

20

21

22

23

24

25

10CR2626, 6-21-2013