# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                             NO: 10-CR-2626-1 WJ

PEDRO LEONARDO MASCHERONI,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DIRECTING CLERK OF COURT TO UNSEAL MOTION AND RESPONSE
## and
## DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

THIS MATTER comes before the Court upon Defendant's Opposed Motion to Withdraw Guilty Plea, filed July 22, 2014 **(Doc. 520)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, it is denied.

On June 21, 2013, Defendant pleaded guilty to Counts 7, 8, and 10-15 in the Indictment which charges Defendant, inter alia, with embezzlement or conversion of public money, property or records, in violation of 18 U.S.C. §641; and with false, fictitious, or fraudulent statements or representations, in violation of 18 U.S.C. §1001(a)(2). The Court accepted Defendant's plea, which was pursuant to Rule 11(c)(1)(C) plea agreement. Docs. 417, 418.

## BACKGROUND

Defendant moves to withdraw his plea for several reasons, all of which the Court has become familiar with during the course of this case. Defendant is dissatisfied with counsel who assisted in negotiating the plea agreement, asserting that they failed to adequately investigate the

charges against him, failed to interview witnesses; and that that they were inexperienced in handling national security cases. The motion to withdraw includes an inventory of defense counsel's shortcomings, such as: failure to challenge the FISA ("Foreign Intelligence Surveillance Act") warrant obtained by the Government which revealed potentially inculpatory information; presenting false inducements to convince him to plead guilty (such as promising him continued access to classified discovery materials which Defendant felt he needed in order to participate fully in the preparation of his sentencing presentation); and failure to obtain an expert witness who could examine the memorandum which Defendant delivered to FBI agents acting as Venezuelan operatives which would have been helpful in plea negotiations and informed Defendant as to whether he should give up his right to a trial. Defendant contends that these failures placed him in a less advantageous posture in negotiating a plea agreement with the Government, and caused him to enter into a plea that was neither knowing nor voluntary.

Defendant has previously requested new counsel because of a conflict, and appointment of new counsel to litigate a motion to withdraw his plea. Following a hearing held on May 14, 2014 (*see* Docs. 500, 501 & 502), the Court issued a written ruling. The Court ordered Defendant's two primary lawyers to withdraw from active representation of Defendant, ordered that counsel who was appointed to represent Defendant as "conflict counsel" remain in that position, and did not appoint new counsel to pursue the instant motion to withdraw the plea. Doc. 504. Also at that May 14th hearing ("Hearing"), the Court advised the Government, following an *ex parte* session with Defendant and his counsel concerning issues related to defense counsel's motion to withdraw, that it was the Court's intention to deny any request by Defendant to withdraw his guilty plea.

The Government was not privy to the *ex parte* discussion at the Hearing, and now offers

2

its own reasons as to why the instant motion should be denied. Its position is that, based on the record, Defendant does not offer a fair and just reason why his plea should be withdrawn that is both credible and not inconsistent with the detailed record the Court has before it. The Government also contends that Defendant's motion should be denied because the record supports the finding that Defendant's plea was knowing and voluntary and because Defendant received quality assistance of counsel.

## DISCUSSION

Before addressing the merits of the motion, the Court notes that Defendant has chosen to file his motion as a sealed pleading. The Government followed suit and also filed its response under seal, but urges the Court to unseal both the motion and the response because there is nothing unusual in the nature of these pleadings which require that they be sealed from the public. The Court agrees with this assessment. Defendant's pleading is a garden-variety motion by a defendant which recites allegations complaining about defense counsel in an attempt to back out of a guilty plea which defendant regrets on hindsight.

There is certainly no allusion to any material which could raise issues of national concern or issues related to the Stipulated Protective Order entered in this case (Doc. 201). Further, Defendant has not obtained leave of Court for filing the pleadings under seal, nor do these pleadings appear to meet the requirements for restricted access according to the rules in this district's CM/ECF Administrative Procedures Manual, § 9(h)(1)&(2). Therefore, the Court orders that the Clerk of Court UNSEAL the instant motion and response, that is, Docs. 520 and 525.

The Court has reviewed the pleadings related to this motion, and agrees with the Government's arguments and supporting law, which the Court now discusses.

3

**I.     No Evidentiary Hearing is Required**

Defendant requests an evidentiary hearing, but the Court finds that no hearing is required. A hearing is not necessary "when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *U.S. v. Hernandez,* 277 F.App'x 775, 777 (10th Cir. 2008) (unpublished); *see also United States v. Aguilar-Lopez*, No. 09CR2962 WJ, Doc. 269 at 2-7 (denying defendant's request for an evidentiary hearing on motion to withdraw his guilty plea where "Defendant's allegations of counsel's lack of performance in explaining the terms of the plea agreement and of the waiver of appellate rights are conclusory and inconsistent with the statements he made during the plea colloquy."). In this case there is a well-developed record which supports the Government's contention that Defendant's efforts to negate the guilty plea he entered into are conclusory and inconsistent with statements he made during the plea colloquy. For this reason, the Court finds there is no need to hold an evidentiary hearing on Defendant's motion.

**II.    Defendant Cannot Establish a Fair and Just Reason to Withdraw Guilty Plea**

In order for the Court to consider Defendant's motion to withdraw his guilty plea, the Court must first conclude that he has established several factors that enable him to conclusively demonstrate that he has "a fair and just reason for the withdrawal of the plea." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (citing *U.S. v. Black,* 201 F.3d 1296, 1299-1300 (10th Cir. 2000). Those factors are (1) whether the defendant has asserted his innocence; (2) the quality of the defendant's assistance of counsel; and (3) whether the plea was knowing and voluntary." *Siedlik,* 231 F.3d at 749.[1] Only if Defendant establishes a fair and just reason for

---

[1] The Government notes that while there are different standards for addressing motions to withdraw a guilty plea, depending on whether the motion was made before or after 2002, motions to withdraw a plea before a sentence is imposed has remained the same. Therefore, the change in standard does not change the Court's analysis here. Doc.

4

withdrawal of the plea under these factors, does a court need to examine other factors, which are (1) whether the Government will be prejudiced if the motion is granted; (2) whether the defendant has delayed in filing the motion; (3) inconvenience to the court if the motion is granted; and (4) whether granting the motion would cause a waste of judicial resources. Furthermore, it is "within the sound discretion of the district court to determine what circumstances justify granting [a motion to withdraw guilty plea]." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993) (quotation and citation omitted).

A.      Defendant Cannot Make a Credible Claim of Innocence

In making a credible claim of legal innocence, a defendant must make a *factual argument* that supports a legally cognizable defense. *U.S. v. Hamilton,* 510 F.3d 1209, 1217 (10th Cir. 2007). In other words, it is not enough that Defendant now proclaims his innocence and regrets pleading guilty. *See United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009) (the assertion of a "defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty") (quotation and alteration omitted)). Defendant must make a factual argument that supports a defense of innocence, and this he cannot do. His admission of facts in the plea agreement (Doc. 417) lists detailed admissions relating to criminal conduct for the various charges. Defendant admitted that there was a "factual basis for each element of the crimes" to which he was pleading guilty. Doc. 417, ¶ 8. These admissions included, but were not limited to, admissions that he "knowingly communicated, transmitted, and disclosed" Restricted Data to another individual with reason to believe that "such data would be utilized to secure an advantage to a foreign nation, specifically Venezuela. . . ." ¶7.a. He admitted having

---

525 at 3, n.3.
  Also, as the Government notes, the *Black* factors are also referred to by other case names, such as the *Yazzie* factors, or the *Gordon* factors. *See U.S. v. Yazzie,* 407 F.3d 1139 (10th Cir. 2005); *U.S. v. Gordon,* 4 F.3d 1567, 1572 (10th Cir. 1993).

5

unauthorized possession of, access to and control of, documents relating to the national defense; that he knowingly and willfully converting classified material to his own use; and that he knowingly and willfully made materially false, fictitious and fraudulent statements and representations to FBI agents about a matter within the FBI's jurisdiction. ¶7.b, c, and d. The list of admissions goes on for nine pages. During his plea hearing on June 21, 2013 (Doc. 452, Tr. of Plea Hearing), Defendant admitted under oath that the factual basis set forth in his plea agreement "represents the truth," and that he admitted the facts laid out in the plea agreement. Doc. 452 at 16-17.

All of this stands in the way of Defendant's ability to now claim his innocence. His current change of heart is not enough to overcome his specific statements of guilt and his detailed accounts of his criminal conduct. *See, e.g., Siedlik,* 231 F.3d at 749 (defendant was not entitled to withdraw guilty plea when he admitted guilt and provided detailed accounts of offenses); *Byrum,* 567 at 1265 ("change of heart, without more, is not sufficient to swing [claim of innocence factor] in defendant's favor").[2]

Thus, Defendant has not made, and cannot make, a credible claim of innocence, in the face of overwhelming evidence guilt, by his own admissions.

B.  Guilty Plea Was Knowing and Voluntary

A plea is valid "if it represents a voluntary and intelligent choice among the alternatives open to the defendant." *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000).

There is every indicia that Defendant entered into a knowing and voluntary plea. In his plea agreement, under the heading "VOLUNTARY PLEA," Defendant represented that his

---

[2] *See U.S. v. Jones,* 168 F.3d 1217, 1220 n.1 (10th Cir. 1999) ("Indeed, the notion that a defendant may withdraw his guilty plea because he later feels that he made a poor decision has been flatly rejected by numerous courts" (citing *U.S. v. Rhodes,* 913 F.2d 839, 845-46 (10th Cir. 1990).

guilty pleas were "freely and voluntarily made and are not the result of force, threats, or promises (other than the promises set forth in this plea agreement)." The agreement also states that Defendant was pleading guilty "because the Defendant is in fact guilty." Doc. 417 ¶ 19. Just above Defendant's signature, the agreement states that "No one has threatened or forced me in any way to enter into this plea agreement." Doc. 417 at 31.

The record as it stands impedes any attempt by Defendant to now claim that his plea was neither knowing nor voluntary. If Defendant felt coerced or pressured into pleading guilty, or if his plea was not voluntary, there was ample time for him to have made that claim before he admitted his guilt under oath. The Tenth Circuit Court of Appeals rejected a similar claim in *U.S. v. Jones,* where the defendant argued he was coerced into pleading guilty, but the record "clearly demonstrat[ed] that defendant freely and voluntarily pled guilty before the district court." 168 F.3d 1217, 1220 (10th Cir. 1999). The court noted that if defendant "was being coerced into pleading guilty, he should have so stated to the district court" by asking the court to appoint competent counsel and to continue his trial date—but he did neither. *Id.*

Defendant has not spoken up about the involuntariness of his plea until now, when he alleges that counsel had made "false inducements" to get him to plead guilty. Doc. 520 at 3, ¶6. However, the plea agreement signed by Defendant states that "his guilty pleas are freely and voluntarily made and are not the result of force, threats, or promises. . . ."). Doc. 417 at 29.

Defendant's claims of conflict do not help his cause. The Court responded to the conflict issue which arose by appointing Mr. Richard Winterbottom of the Federal Public Defender's Office as Independent Counsel. Doc. 405. Following what was described as a "thorough" discussion with defense counsel, including Mr. Winterbottom, regarding the "possible" conflict of interest with then-current counsel, Defendant signed a "Waiver and

7

Consent to Proceed with Counsel" to proceed with the plea, and which was filed with the Court (Doc. 416). In that pleading, Defendant stated the possible conflict had no bearing on his decision to plead guilty; that counsel was not actively representing any interest that conflicted with his (Doc. 416, ¶7); and that he made this waiver knowingly, intelligently and voluntarily (¶ 8). Notwithstanding the measure that were taken to ensure conflict-free plea negotiations, three months after he entered his guilty plea, Defendant requested appointment of new counsel , which the Court rejected. *See* Doc. 504. While Defendant claims that this conflict interfered with the plea negotiations, he expressly waived that conflict in open court at his plea hearing and agreed to proceed with the plea. Doc. 452 at 7. The Court also noted that Defendant himself was actively involved in the plea negotiations.

The record before the Court belies the credibility of Defendant's current claim and overwhelmingly supports, the Court's finding that Defendant entered into his guilty plea knowingly and voluntarily.

C.  Defendant Received Quality Assistance of Counsel

The record also contradicts Defendant's assertion that his counsel was incompetent and induced him to plead guilty. The issue of conflict with counsel can be summarily addressed. First, as discussed above, the Court already addressed this issue in the context of whether the existing conflict was sufficient to appoint Defendant new counsel, as Defendant requested and the Court rejected. *See* Doc. 504.[3] Second, also as discussed above, Defendant's contentions that he pled guilty as a result of defense counsel's shortcomings are diametrically opposed to

---

[3] In its decision, the Court noted that "Defendant substantially and unreasonably contributed to the communication breakdown" and that even after the issue of potential conflict arose in May 2013, defense counsel "took actions to contain the conflict and which the Court finds to have been in Defendant's best interest." Doc. 504 at 2. Thus, Defendant has no one to blame but himself (at least to a large degree) for any alleged conflict that arose.

statements Defendant made expressly and in open court at his plea hearing:

> COURT: Okay. Now, let me inquire, are you satisfied with the legal counsel, legal representation, and legal advice given to you in this case by your counsel, Mr. Cooper, Ms. Khalsa, and then special counsel Mr. Winterbottom?
>
> DEFENDANT: I enjoyed one of them more than the others, but I am going to keep it private. I like them all.

Doc. 452 at 7:7-14. To the extent that Defendant claims that he is laboring under a conflict of interest because the basis for his motion is his allegation that his attorneys were ineffective, Defendant is in good company. As the Government noes, defense attorneys commonly file motions to withdraw guilty pleas where the basis for the motion is ineffective assistance by the same attorney who files the motion.[4]

Moreover, Defendant cannot satisfy this factor of the "fair and just cause" analysis based on claims of ineffective assistance of counsel because the Tenth Circuit has recognized "that the preferred avenue for challenging the effectiveness of counsel in a federal criminal case was via collateral attack." *Beaulieu v. United States*, 930 F.2d 805, 806-07 (10th Cir.1991), cited in *U.S. v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). This Court noted as much in its findings which denied Defendant's request for withdrawal of counsel when it stated that ". . . Defendant will have the opportunity to raise claims of ineffective assistance of counsel in collateral post-conviction proceedings." Doc. 504 at 3.

Thus, this factor, like the other two, supports the Court's decision to deny Defendant's

---

[4] *See e.g., Aguilar-Lopez*, No. 09CR2962 WJ, Doc. 262 (motion to withdraw guilty plea filed by Assistant Federal Public Defenders where defendant prepared letter for the Court accusing defense counsel of scaring him, exerting psychological pressure on him, and failing to adequately explain the plea agreement to him*); see also Siedlik*, 231 F.3d at 747-48 (affirming denial of motion to withdraw guilty plea where district court inquired of defense counsel about reasons for defendant's request to withdraw his guilty plea and made inquiries of defense counsel as to whether counsel had reviewed agreement provisions with her client); *U.S. v. King*, 485 F. App'x 931, 933 (10th Cir. 2012) (unpublished) (district court gave lawyer who defendant claimed was ineffective the opportunity to file motion to withdraw defendant's guilty plea).

motion to withdraw his guilty plea.

## III. Remaining Four Equitable Factors

Having determined that Defendant has failed to show that he has a fair and just reason to withdraw his guilty plea, the Court need not address the remaining four factors. However, these would weigh in favor of denying Defendant's motion.

A. <u>Prejudice to Government</u>

First, the Government would be substantially prejudiced, having to start over on this case, issuing subpoenas and trying to find witnesses and confidential informants who may not be around anymore. *See Jones,* 168 F.3d at 1220 (finding prejudice to government in allowing defendant to withdraw his plea in that government would have to "disrupt work on current cases and will have to issue additional subpoenas requiring its witnesses to appear at travel"). Also, Defendant's plea agreement was conditioned on co-defendant also pleading guilty pursuant to a plea agreement.[5] Thus, the Government would lose the benefit of the bargain it struck based on a deal with two Defendants, not one. There is also the consideration of added expenses and resources that will be expended on CIPA ("Classified Information Procedures Act") hearings, which are no longer necessary once Defendant pleaded guilty. In his plea agreement, Defendant agreed that classified information—either in the form of arguments, exhibits or testimony—would not be utilized in connection with his sentencing hearing. Doc. 417 at 26, ¶ 12.

B. <u>Inconvenience to the Court and Waste of Judicial Resources</u>

Second, the Court would also be inconvenienced in the form of a waste of judicial resources, one being the need to preside over lengthy CIPA proceedings to parse out the nature

---

[5] The plea agreement reflects the understanding that one plea is conditioned on the other. *See* Doc. 417 at 27, ¶ 14. Sentencing for co-Defendant Marjorie Mascheroni is currently set for August 20, 2014. Doc. 519 (text entry).

of, and need for probably thousands of documents which may be classified. The prospect of a trial would mean that pre-plea issues which are now considered moot would become pending issues and possibly require additional staffing for the defense, as well as additional time for defense counsel to come up to speed in a case that was thought to be resolved by a plea agreement. *See Jones,* 168 F.3d at 1221 (finding that there was "little doubt" that granting defendant's motion would inconvenience the district court, because the court "would have been required to appoint new counsel and work [the case] into the court's already busy docket");[6] *Siedlik,* 231 F.3d at 750 (court would be "substantially inconvenienced by multiplying proceedings after a knowing and voluntary plea of guilty has been entered").

C. <u>Defendant's Delay in Filing Motion</u>

Third, Defendant waited more than ten months to move to withdraw his guilty plea, which is enough of a delay to consider substantial.

All of these equitable factors weigh heavily in favor of not granting Defendant's request to withdraw his plea. There is also something else to consider, which the Court has pointed out previously. *See* Doc. 504 at 3. Under the terms of the plea agreement which Defendant assisted in negotiating, and which he entered into knowingly and voluntarily, Defendant is precluded from withdrawing his guilty plea unless, pursuant to Federal Rule of Criminal Procedure 11(c)(5), the Court rejects the plea agreement. Doc. 417 at 25, ¶10. Since the Court has already accepted Defendant's guilty plea, withdrawal of Defendant's guilty plea under the terms of his plea agreement is no longer an option.

---

[6] Defendant's dissatisfaction with at least one previous attorney has resulted in the withdrawal of that attorney. *See* Doc. 99. Needless to say, each time new counsel is appointed, that individual requires a certain amount of time to become familiar with the issues, and in a complex national security case such as this, the necessary time would be considerable. *Cmp. Jones,* 168 F.3d at 1221 (noting that defendant had terminated two lawyers before pleading guilty, for which the district court "had to adjust its docket to accommodate his request" and which, as a result, prejudiced the court).

## CONCLUSION

In sum, the Court finds and concludes that, there being no reason for filing either the motion or response as sealed pleadings, the Court orders the Clerk of Court to UNSEAL both pleadings (Doc. 520 and 525).

The Court further finds and concludes that Defendant's motion is denied on its merits. Defendant has not established a "fair and just reason" for withdrawal of his guilty plea, based on the *Black* factors. In addition, the additional equitable factors, while they need not be considered, nevertheless weigh strongly in favor of denying Defendant's motion.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Opposed Motion to Withdraw Guilty Plea (**Doc. 520**) is hereby DENIED for reasons stated in this Memorandum Opinion and Order.

Finally, the Court intends to proceed to sentencing in the very near future. Accordingly, by separate notice the Court shall conduct a telephonic scheduling conference to arrive at a date for sentencing.

_____
UNITED STATES DISTRICT JUDGE